ON MOTION TO DISMISS AND ON THE MERITS
SAMUEL, Judge.
Plaintiffs and defendants entered into a contract by which the former agreed to purchase and the latter agreed to sell certain immovable property and the improvements thereon in the City of Kenner, Louisiana. The contract was written on a standard real estate form which, inter alia, provided that it was conditioned upon the ability of plaintiffs to obtain a mortgage loan in a stipulated amount from the F. H. A. and that, in the event defendants failed to comply with the agreement within the time specified, plaintiffs would have the right to obtain the return of the $500 deposit plus an equal amount to be paid as a penalty.
After an inspection and appraisal of the property the F. H. A. required the making of certain repairs in order to obtain the loan. By amendment to the contract defendants then obligated themselves to make the repairs specified in the F. H. A. requirement list and to complete the same prior to a stipulated date. They failed to complete all the repairs on that date, plaintiffs refused a request for an extension of time, and the $500 deposit was returned to plaintiffs.
Plaintiffs then instituted this suit in the First Parish Court for the Parish of Jefferson seeking $500, allegedly the amount of liquidated damages defendants were obligated to pay as a penalty for failure to comply with their obligation to make the repairs as stipulated in the amendment to the contract. There was judgment in favor of plaintiffs as prayed and defendants have taken this suspensive appeal therefrom. In this court plaintiffs have moved to dismiss the appeal.
ON THE MOTION TO DISMISS THE APPEAL
The case was tried on September 8, 1966. Shortly after trial the matter was submitted on memoranda and taken under advisement. The judgment was rendered and signed on October 4, 1966. The record contains a “Certificate of Mailing Judgment”, which is signed by a deputy clerk, stating that on October 4, 1966 a notice of the signing of the judgment was mailed to counsel for both plaintiffs and defendants. On October *134 11, 1966 defendants filed a motion for a new trial which was denied on October 19, 1966. Defendants then filed a motion for appeal on October 26, 1966 and on that same date the trial court signed an order granting defendants a suspensive appeal upon their furnishing bond in the amount of $750. The appeal bond was furnished on October 27, 1966.
The motion to dismiss is based on two contentions: (1) appellants failed to make timely application for appeal; and (2) the appeal bond is insufficient in that it does not include interest allowed by the judgment to the date the bond was furnished as required by LSA-C.C.P. Art. 2124(1).
Imprimis we note that the provisions of the Louisiana Code of Civil Procedure with reference to city courts are applicable to the First Parish Court for the Parish of Jefferson. LSA-R.S. 13:2561.10. And under LSA-C.C.P. Art. 5001, which is here applicable because it has reference to City Courts in cases involving more than $100, except as otherwise provided in Art. 5002 the procedure in the instant case is the same as that provided by law for a civil case in the District Court of Jefferson Parish.
Plaintiffs’ second contention, that the appeal bond is insufficient, cannot be considered in this court. The procedure which must be followed in order to test the sufficiency of that bond is clearly set out in the Code of Civil Procedure. LSA-C.C.P. Art. 5123 provides, in pertinent part (emphasis ours): “Any person in interest wishing to test the sufficiency, solvency of the surety, or validity of a bond furnished as security in a judicial proceeding shall rule the party furnishing the bond into the trial court in which the proceeding was brought to show cause why the bond should not be decreed insufficient * * In addition, LSA-C.C.P. Art. 5125 prohibits dismissal of an appeal on the ground that the bond furnished is insufficient unless the party who furnished it is afforded an opportunity to furnish a new or supplemental bond; and under LSA-C.C.P. Art. 2088(5) the trial court retains jurisdiction, after the appeal has been perfected, to consider objections to the sufficiency of an appeal bond. Plaintiffs could have objected to the sufficiency of the appeal bond only in the trial court. They cannot do so here.
Plaintiffs’ first contention, that application for the appeal was not made timely, presents a more difficult problem. The procedure for taking an appeal in the instant case is provided for by LSA-C.C.P. Art. 5002 which, in pertinent part, reads as follows:
“ * * *
* * * Notice of the rendition of judgment is not necessary, except as provided in Article 4898. * * *
A new trial may be applied for within three days, exclusive of legal holidays, of the date of judgment or of the service of notice of judgment when necessary.
A devolutive or suspensive appeal to the proper appellate court may be granted if applied for within ten days after the expiration of the delay for applying for a new trial, or within ten days of the denial of a new trial.

As the defendants in the instant case filed their motion for appeal on October 26, 1966, within 10 days of the denial on October 19, 1966 of their motion for a new trial, the appeal was taken timely within the provisions of the last quoted paragraph of Article 5002 if their application for a new trial was made timely, i. e., in accordance with the preceding paragraph, “ * * * within three days, exclusive of legal holidays, of the date of judgment or of the service of notice of judgment when necessary.”
In connection with their opposition to the motion to dismiss the appeal defendants have filed affidavits which establish to our satisfaction that the notice of the signing of the judgment was mailed to their attorney on October 10, 1966 and not on October 4, *135 1966 as stated in the “Certificate of Mailing Judgment” contained in the record. One of those affidavits is signed by the same deputy clerk who signed the certificate. In his affidavit he states an error was made in the October 4, 1966 mailing date mentioned in the certificate and the actual mailing date was October 10, 1966. His exact words are: “That he did not file the judgment with the clerk of court for placing in the record until October 10, 1966 and that the Notice of the Signing of the Judgment was not mailed to the attorney for the defendant, Roy L. Price, 1207 N. Causeway Blvd., Metairie, Louisiana until October 10, 1966.” The other affidavits filed by defendants in connection with their opposition to the motion substantiate the fact that notice of the signing of the judgment was mailed on October 10, 1966. Thus under the provisions of the second to last quoted paragraph of Article 5002 the motion for a new trial on October 11, 1966 was filed timely if service of notice of judgment was necessary.
But the first quoted sentence of Article 5002 states that notice of judgment is not necessary except as provided in Article 4898. And Article 4898 provides that the only case in which notice of judgment need be given is when the defendant against whom the judgment was rendered was not personally served with citation and failed to answer. Here defendants filed an answer and participated in the trial. Service of notice of the judgment was not necessary.
 As the date of the judgment, October 4, 1966, was a Tuesday and none of the following six days except Saturday and Sunday was a legal holiday, defendants’ October 11, 1966 motion for a new trial was not made within the three day period provided by the first quoted paragraph of Article 5002 and was not timely made. The application for a new trial could not have the effect of extending the time for taking an appeal (Marsiglia, Inc. v. Inbau, La.App., 175 So.2d 3). Therefore, under the provisions of the last quoted paragraph of Article 5002, permitting the taking of the appeal “ * * * if applied for within ten days after the expiration of the delay for applying for a new trial, * * * ”, the October 26, 1966 application for appeal from a judgment dated October 4, 1966 was not made timely.
Ordinarily this would require a dismissal of the appeal. But appeals are favored and we are concerned by the possibility that the defendants, without any fault imputable to them and through inadvertence on the part of others, may have been deprived of their right to apply for a new trial and consequently deprived of the full time to appeal granted by the Code of Civil Procedure.
The affidavit of the deputy clerk filed in connection with defendants’ opposition specifically states the judgment was not filed with the Clerk of Court for placing in the record until October 10, 1966. Under these circumstances it is difficult for us to understand how the defendants reasonably could have discovered, in time to apply for a new trial, that the judgment had been rendered and signed. Certainly one way, probably the only thoroughly dependable way, by which the defendants could determine that a judgment had been handed down was to see the judgment in the record. But according to the deputy’s affidavit it could not have appeared in the record until October 10, 1966. And, as we have pointed out, the three day period within which application for a new trial could be made had expired on October 10, 1966; on and after that date defendants could not make timely application for a new trial.
As the record contains only those facts set out in the beginning of our discussion of the motion to dismiss, and as we are reluctant to dismiss an appeal where the reason for dismissal may not be imputable to the appellant, we deem it necessary and proper to remand the matter to the trial court for the purpose of taking evidence on the question of how and when, prior to the October 10, 1966 mailing of notice of judgment, defendants could have ascertained that the judgment had been signed.
*136 For the reasons assigned, the matter is remanded to the First Parish Court for the Parish of Jefferson for the sole purpose of taking evidence, including such material and pertinent exhibits and testimony as the parties and the trial judge may desire to offer, on the question of how and when, prior to the October 10, 1966 mailing of notice of judgment, defendants could have ascertained that the judgment had been signed. After the evidence has been received and/or taken and transcribed the Clerk of the First Parish Court for the Parish of Jefferson is directed to incorporate the same in the record of appeal for our consideration; assessment of costs to await a final determination.
Remanded.