SAMUEL, Judge.
This matter is again before us on a motion filed by plaintiffs-appellees to dismiss the suspensive appeal taken by defendants-appellants. Following our previous consideration of the same motion (our opinion and decree are reported in 200 So.2d 132), we remanded the matter to the trial court for further evidence. That evidence has been taken and appears in the record. The sole question now before us is whether appellants made timely application for this appeal.
As stated in our prior opinion, it would appear that the appeal was not taken timely under the provisions of Code of Civil Procedure Articles 5002 and 4898. The judgment appealed from was rendered and signed on October 4, 1966, after the matter was submitted on memoranda and taken under advisement. Notice of judgment was mailed to counsel for the defendants-appellees on October 10, 1966. On October 11, 1966 defendants filed a motion for a new trial which was denied on October 19, 1966. The motion for appeal was filed on October 26, 1966. The three-day delay within which a new trial must be applied for had expired when application was made therefor on October 11, 1966 because service of notice of judgment was not necessary and therefore that delay ran from the date of judgment. Under the cited articles the appeal should have been taken within ten days after the expiration of the delay for applying for a new trial and that delay for taking the appeal had expired prior to October 26, 1966 when the motion for appeal was filed.
However, the new evidence now in the record, consisting of testimony by some of the court’s deputy clerks and a statement by the trial judge, satisfy us: (1) that the established practice and custom of the clerk’s office, in all cases in which judgments had been rendered after the matter was taken under advisement, was to mail either a notice of the signing of *408 the judgment or a copy of the signed judgment to participating counsel; and (2) counsel for defendants relied on this procedure and prior to October 10, 1966 did not know the judgment had been rendered and signed. That practice and custom was not followed in this case; through inadvertence on the part of the clerk’s office, neither notice of the signing of the judgment nor a copy of the signed judgment was mailed to the attorney for the defendants until October 10, 1966. He received no notice of the signing of the judgment until that date when, under the strict provisions of the above referred to codal articles, his time for applying for a new trial already had elapsed. Under these circumstances we will not dismiss the appeal.
As we said in Atlantic Gulf Supply Corporation v. McDonald, 171 So.2d 481, when it is the established practice and custom of the trial court clerk to give notice to an appellant, even though such notice is not required by law, it would be manifestly unfair to deprive the appellant of his appeal where he has allowed the delays to expire solely as a result of his dependence upon the aforesaid practice and custom and the trial court clerk’s failure to follow the same. Appeals are favored and, under LSA-C.C.P. Art. 2161, shall not be dismissed because of any irregularity, error or defect unless the same is imputable to the appellant. We do not consider the fault in the instant case to be imputable to the defendants so as to result in the dismissal of his appeal. Also see American Tile and Terrazzo Company v. Keiler, La.App., 194 So.2d 743; Downey v. Bellue, La.App., 178 So.2d 778; Mathies v. Fruehauf Trailer Co., La.App., 170 So.2d 785.
We are aware of the fact that the cited eases are concerned with timely payment of costs and not, as in the instant case, with timely application for new trial and appeal. But we are of the opinion that the same rule is and should be applicable to both situations.
Although we have heard this case on both the motion to dismiss, and the merits, because of the extended lapse of time since that hearing we prefer to set the matter down for re-argument on the merits.
The motion to dismiss the appeal is denied.
Motion denied.