SAMUEL, Judge.
Plaintiffs filed this suit for $500, the amount established as liquidated damages in a contract to buy and sell immovable property, for defendants’ breach of that contract. The petition alleges defendants agreed to make extensive repairs to the home being sold by them to the plaintiffs but failed to do so within the time specified in the contract. The defendants answered in the form of a general denial.
After trial there was judgment awarding plaintiffs $500 as prayed. Following rendition of the judgment, defendants filed an amended answer in which they admitted the contract and in which, as a special defense, they pleaded performance of the repairs had been prevented by an act of God, i. e. Hurricane Betsy.
Defendants have appealed. On two prior occasions (the second after a remand), we considered, and ultimately denied, a plaintiff motion to dismiss that appeal. Those opinions and decrees are reported in 200 So.2d 132 and 215 So.2d 406.
Most of the relevant facts are not in dispute. By written contract executed on September 24, 1965 plaintiffs agreed to purchase, and defendants agreed to sell, defendants’ property in Kenner, Louisiana for $17,500. The agreement was contingent on the buyers obtaining an FHA insured loan to finance $17,100 of the purchase price. Plaintiffs did obtain an FHA loan commitment. However, the agency enumerated some thirteen requirements which would have to be met before the loan was made. The requirements included completion of a list of repairs to the property and certification by competent workmen and officials that the electrical wiring, plumbing and sewerage system met certain standards.
Thereafter the buy-sell agreement was modified by the litigants. On November 26, 1965 a new clause was incorporated in the contract whereby defendants agreed to make the repairs and furnish the certificates required by FHA, all of which was to be done, and the act of sale was to be passed, prior to January 23, 1966.
On November 6, 1965 plaintiffs had moved into the home they planned to buy. They were living in the home and paying monthly rent therefor when defendants undertook the repairs and inspections. According to plaintiffs, the inspections were not made and the repairs were either not performed at all or were completed unsatisfactorily. While defendants counter with testimony that a good faith effort was made to comply with their obligations under the agreement (we entertain grave doubt that such a good faith effort was made but find it unnecessary to decide that issue), the record does establish, and defendants concede, that some of the repairs were not made and the inspection certificates were not furnished. Two days before the time for completion was to expire the realtor contacted plaintiffs requesting an extension of time within which the work was to be performed and the certificates furnished. Plaintiffs refused the request and moved out on February 6.
Defendant William Blanke admitted he was familiar with the labor market in November, 1965 when he agreed to make and complete the repairs and obtain the certificates; more particularly, at that time he was aware of the heavy demand for, and the limited supply of, the servic *676 es of all types of repairmen because of extensive property damages caused by Betsy, a hurricane which struck Kenner and the surrounding area on September 10, 1965.
Defendants contend the trial court erred in awarding liquidated damages in that the negotiations between the litigants never ripened into a binding contract because the agreement to perform the FHA loan prerequisites was a suspensive condition which had to be fulfilled before the contract could become viable. They liken the instant case to that line of decisions holding a contingent loan clause in a real estate contract is a suspensive condition.
In most cases cited by the defendants the prospective purchaser conditions his agreement to take title upon his ability to obtain financing at terms outlined in the buy-sell agreement. The obligation the prospective purchaser incurs upon signing the contract is to make a good faith attempt to obtain financing. But until the loan commitment is made the purchaser is not bound to buy the property because his obligation is contingent upon the happening of an event which, at the signing, is still uncertain. See Richmond v. Krushevski, 243 La. 777, 147 So.2d 212 and Treadaway v. Piazza, La.App., 156 So.2d 328.
These cases are based on an interpretation of Civil Code Article 2021, which provides :
“Conditional obligations are such as are made to depend on an uncertain event. If the obligation is not to take effect until the event happen [sic], it is a suspensive condition; if the obligation takes effect immediately, but is liable to be defeated when the event happens, it is then a resolutory condition.” LSA-C.C. Art. 2021.
In the instant case, the facts are clearly distinguishable from those in the cases relied on by defendants. At the beginning, there was a suspensive condition in the contract in suit, plaintiffs were not obligated to take title until the stipulated financing had been obtained. But the condition was fulfilled and the uncertainty removed once plaintiffs obtained a loan commitment from FHA. While it is true certain repairs had to be made and inspection certificates issued, completion of the repairs and obtaining the certificates were not made to depend on any event and there was nothing uncertain or conditional about defendants’ agreement to fulfill those requirements prior to the specified time. The agreement defendants entered into on November 26, 1965 was a simple obligation and they are bound thereby. A simple obligation is defined in Civil Code Article 2020 as follows:
“Simple obligations are such as are not dependent for their execution on any event provided for by the parties, and which are not agreed to become void, on the happening of any such event.” LSA-C.C. Art. 2020.
Defendants finally argue their failure to comply was prevented by an act of God in that the demand for labor and repairs created by Hurricane Betsy prevented timely performance. Assuming arguendo that this defense, pleaded after judgment was rendered, is properly before us, defendant William Blanke made the commitment some two and one-half months after the hurricane had struck and was aware of the labor shortage in home construction and repairs at that time. As we have stated, Blanke himself testified he was in close touch with the building trades in November, 1965. Under these circumstances, the hurricane which occurred prior to defendants’ agreement to make the repairs and obtain the certificates cannot excuse their failure to perform that agreement.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.