REDMANN, Judge.
On application by plaintiff the trial judge was ordered[1] either to vacate his prior refusal and to grant a continuance on whatever conditions he deemed just, or to send the record to us for certiorari, pending which proceedings were stayed. The latter having been done and the record confirming our impression that plaintiff ought not to be charged with her counsel’s failure to have either been ready for trial (including having plaintiff present) or earlier sought the continuance, the writ of alternative mandamus is now amended and made peremptory.
This personal injury suit was set for trial as the first case on the docket, and notice of setting was sent to plaintiff’s counsel, three and a half months prior to trial date. (The trial judge caused notice to be sent because plaintiff’s counsel had not appeared for the pretrial conference. Counsel said he had no notice of pretrial but the minute clerk testified one was sent by mail to his address and not returned.)
Despite his knowledge that plaintiff was to some extent moving about the country and therefore difficult to locate, plaintiff’s counsel apparently did not attempt to communicate with her or to obtain medical evidence from two of her physicians in Little Rock until a month before the trial date. Twelve days before trial date he still had *479 not reached her or them, but instead of then seeking a continuance (which the trial judge observed he would have arranged as late as a week before trial), plaintiff’s counsel again wrote plaintiff.
At trial time he had not heard from plaintiff nor presumably from the two Little Rock doctors whose addresses he had sought from plaintiff.
Plaintiff’s counsel explained at trial time that he would have been ready had plaintiff contacted him even the day before trial, and he therefore was disinclined to ask for a continuance unnecessarily. Also, since the case had never previously been continued and he anticipated the court would allow him at least one continuance, he did not earlier request the continuance. (He also noted the absence due to illness of the investigating police officer, subpoenaed by both parties, but he did not follow Civil District Court Rule 13, § 5(c), to seek a continuance on that ground; see also § 5(d) and C.C.P. art. 1604).
There is no authority in C.C.P. arts. 1601-5, nor in the Court’s Rule 13, entitling a party to a continuance merely because he has not previously had one. Nor was there any showing of such an entitlement having force as a custom of practice, see C.C. art. 3 and see Reid v. Blanke, 215 So.2d 406 (La.App.1968), although we know continuances have occasionally been granted almost as if of right, as occurred in Duet v. Montagnet, 169 So.2d 561 (La.App.1964).
Nor is there merit in plaintiff’s counsel’s explanation of his readiness for trial except for plaintiff’s own testimony. In answers to an interrogatory requesting names of “any and all” doctors seen by plaintiff, only two names were given. Plaintiff’s counsel’s letter to his client’s father 12 days before trial, date shows that at that late date he had not received a reply to his 16-day-earlier letter requesting the addresses of those same two doctors. (We note that one other doctor, not named in response to the interrogatory, was in fact subpoenaed by plaintiff ten days before trial date.)
It appears to us that, from all the evidence the trial judge had before him, one insistent conclusion is that plaintiff’s counsel’s actions did not have the actual or implied consent of his client.
It is true that, inescapably, a client is “bound by” the actions of counsel in many instances. When a lawyer through neglect does not file a suit before prescription accrues the plaintiff’s claim is irrevocably lost. A claim or a defense may likewise be destroyed by counsel through mere failure to present available essential evidence at trial. Failure by counsel to timely file appeal motion or bond will equally defeat the client’s right. In many such instances the result may be harsh, but the opposite would be chaos. Judgments would never be final.
Nevertheless when the matter at issue is the discretionary, non-final question of granting a continuance to an absent plaintiff, and the inference is strong from the available evidence that such fault as caused the absence (and consequent impossibility of presenting plaintiff’s case) is exclusively plaintiff’s counsel’s and not personally plaintiff’s; and where it is therefore likely that subpoenaed witnesses might in any case have to return for later trial either in the main suit or (if continuance is refused) in a malpractice suit; we believe that the continuance should be granted in order not to penalize the client for the lawyer’s failure to either be prepared for trial or more timely have requested the continuance.
We said in Duet, supra, 169 So.2d at 566, that an attorney’s neglect to notify the defendant of trial would have to be imputed to the client, if it occurred. But there the trial judge asserted that defendant’s “office assistant” was present when continuance was moved on the grounds defendant was absent from the city (this at the second jury trial setting, neither defendant nor counsel having appeared at the first *480 and telegraphic request for continuance having been granted). On motion for new trial defendant asserted he had been present in the city but was never notified by counsel of the setting. The trial court apparently rejected this lack of notice assertion because defendant’s office assistant obviously had had notice, and was present. Apparently there, from the recited circumstances, the court concluded that defendant himself was at fault in not being present when his office assistant was.
We further distinguish Duet on the basis that there a judgment had been rendered after jury trial, at which time the inconvenience from granting a new trial would have been considerably greater than that resulting from granting a continuance in the present case.
This court’s predecessor has said obiter that “where a party is absent and cannot be present, and a continuance is requested because of that fact, it should be granted unless there are strong reasons for its refusal.” Gillentine v. McLeod, 70 So.2d 384 (La.App.1953).
The only strong reason present here is the inconsiderateness of plaintiff’s counsel toward defendants, and towards other litigants whose need for the court’s future time for other litigation justifies the trial judge in every reasonable stringency aimed at keeping his docket current.
We believe a court ought to have inherently the power to appropriately deal with a lawyer whose discourteous mishandling of a matter causes trial breakdown and the defeat of the court’s judicial functioning by loss of a trial day. When the mishandling appears unattributable to the client, action tantamount to rejecting the client’s suit seems to us inappropriate. In granting the writ, we alternatively ordered a continuance on such conditions as the trial court considered just “including an order that present counsel provide the court with plaintiff’s address so that the court may direct plaintiff to employ other counsel,” inasmuch as we felt present counsel’s imposition on the defendants and the court would be more appropriately dealt with by penalizing plaintiff’s counsel personally and not plaintiff. We probably exceeded our authority (as the trial judge’s election of certiorari perhaps recognized) in suggesting an order to employ other counsel; La.S.Ct. Rule 14 and La.State Bar Ass’n Arts, of Incorporation, art. 12 § 2, grant lawyers a general license to practice law in the state, and neither trial court nor court of appeal is authorized to restrict that license.
We therefore amend our alternative writ to delete that suggestion and, as amended, make the writ peremptory; and accordingly
It is ordered that the respondent judge vacate his refusal of a continuance in this matter and grant a reasonable continuance to plaintiff.
All costs of these supervisory proceedings and all costs of subpoenas issued prior to this application are to be paid by plaintiff.
Writ made peremptory as amended.

. By REDMANN and BOUTALL, JJ. One judge may issue writs; Const, art. 7, § 2.