SUMMERS, Justice.
Plaintiff Joseph P. Messina and Louisiana Material Co., Inc., filed this suit against Koch Industries, Inc. (formerly Rock Island Oil & Refining Co., Inc.), and Matador Chemical Co., Inc., to recover $61,391.34 and for recognition of a lien and privilege for labor and materials furnished under a construction contract. Judgment was rendered in plaintiffs’ favor in the trial court and affirmed in the Court of Appeal. A rehearing was refused by the Court of Appeal on October 17, 1972.
About 3:00 or 3:15 p. m. on November 16, 1972 a deputy clerk of this Court received a telephone call from counsel for defendants (or a member of his staff) in Baton Rouge informing the deputy that counsel intended to file a petition for a writ of certiorari. The deputy clerk advised the caller that if he could not reach the office of the Clerk before closing time at 5:00 p. m., he could file the petition with the deputy clerk at his home in nearby St. Rose in St. Charles Parish. Counsel was instructed to telephone from Norco when he arrived there, and he would receive directions to the deputy’s home.
*276 Before 5:00 p. m. the deputy clerk received a call at the Clerk’s office from counsel who was then at Norco with the petition. He said then that he would be unable to reach the clerk’s office before S :00 p. m. Counsel was, therefore, given instructions to leave the petition at the deputy clerk’s home, because it was necessary for ,the deputy to pick up his daughter at a basketball game on the way home.
When the deputy clerk arrived home at 9:15 p. m. he found the petition there and marked it “received for filing at 9:15 p. m. November 16, 1972.” He then signed his name as deputy clerk. No one was at the deputy clerk’s home when the petition was deposited there. However, a note from counsel advised that he had • waited until 8:30 p. m.
The following day, November 17, the deputy clerk brought the petition to the Clerk’s office and made the appropriate entries for docketing. The application was accordingly allotted to the justices for study and reporting to the conference. On November 28, 1972 an order issued by this Court granting a writ of review.
Thereafter, on December 12, 1972, plaintiff filed a motion to recall, rescind and vacate the order granting the writ of review. He alleged the recited facts and contends that the petition for review was not timely filed; that although November 16 was the last day, the filing did not take place until November 17 when the deputy clerk deposited the petition in the Clerk’s office.
In its opposition to the motion to recall, defense counsel attached a certificate of the Clerk of this Court setting forth “that for the past 17 years ... it has been the practice . . . for the Clerk and his Deputy Clerks to receive documents at home or elsewhere for filing at the time and date of receipt thereof for subsequent posting in the Clerk’s office.”
Applications to the Supreme Court for writs of certiorari, or review, to review a judgment of the Court of Appeal “shall have been made to the court (Supreme Court) or to one of the justices thereof within thirty days after a rehearing shall have been refused by the Court of Appeal.” La. Const, art. 7, § 11.
Rule XII of the Rules of this Court require that petitions for writ of review to review a judgment of the Court of Appeal “shall be filed in duplicate in the office of the clerk of this court and will not be considered by the court or by any member of the court unless it is so filed.”
The argument in support of the motion to recall relies upon the proposition that rules of court become the procedural law of the state binding upon litigants and judges alike. Interdiction of Wenger, 147 La. 422, 85 So.2d 62 (1920); Walker v. Ducros, 18 La.Ann. 703 (1866). From this premise it is asserted that the language of Rule XII requiring the petition for review to be filed “in the office of the clerk” will not permit it to be filed at the home of the deputy clerk.
As the affidavit of the Clerk of this Court makes clear, it has been the practice for seventeen years and, it may be added,' longer, for the Clerk and his deputies to receive documents at home or elsewhere outside the Clerk’s office for filing at the time and date of receipt for subsequent posting in the Clerk’s office.
Without denying the force of the argument that such a practice is contrary to the literal terms of the rule, suffice it to say that the practice has become common among attorneys with the Court’s approval. Many have relied upon the practice as a permissible contemporary construction of this Court’s rules. It would be a great disservice to the attorneys representing applicants and to their clients to suddenly depart from this long established practice without prior notice of its abolition.
For the reasons assigned, we deny the motion to recall, rescind and vacate the order issuing the writ of review.