284 So.2d 783 (1973)
Betty Ann SUBLET
v.
UNITED T.V. RENTAL, INC.
No. 5369.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1973.
Robert J. Hobbs, Galen S. Brown, New Orleans, for plaintiff-appellant.
H. Edward Weidlich, Jr., J. Stuart Douglass, New Orleans, for defendant-appellee.
Before SAMUEL, REDMANN, LEMMON, GULOTTA, STOULIG, BOUTALL, and SCHOTT, JJ., and BAILES and FLEMING, JJ., pro tem.

ON MOTION TO DISMISS
FLEMING, Judge pro tem.
This is an appeal from a judgment rendered by the First City Court of New Orleans. The following dates are pertinent:
March 23, 1972Judgment signed and notice of judgment mailed to the parties.
April 11, 1972Motion and order of appeal signed (no bond was necessary as this is a pauper case).
This court, on its own motion has raised the question of whether the appeal has been timely filed.
This case involves more than one hundred dollars. Code of Civil Procedure Article 5002, as amended provides that:
"The delay for answering shall be stated in the citation and shall be five *784 days, exclusive of legal holidays. A defendant shall incorporate in his answer all of the exceptions on which he intends to rely. No prior default is necessary, and judgment may be rendered as provided in Article 4896. Notice of the rendition of judgment is not necessary, except as provided in Article 4898. The delay for answering garnishment interrogatories shall be five days, exclusive of legal holidays.
"A new trial may be applied for within three days, exclusive of legal holidays, of the date of judgment, or within three days of the service of notice of judgment when necessary.
"A devolutive or suspensive appeal to the proper appellate court may be granted if applied for within ten days after the expiration of the delay for applying for a new trial, or within ten days of the denial of a new trial.
"The suspensive appeal bond, as required by the applicable provisions of Article 2124 must be filed within the delays allowed above for a suspensive appeal."
Here the judgment was signed on March 23, 1972, and the motion for appeal made on April 11, 1972, a period of nineteen days elapsed from the time the judgment was signed and the time the motion for appeal was made. As C.C.P. art. 5002 only allows ten days, after the expiration of the delays for applying for a new trial, the motion for the appeal comes too late.
The appellant argues that the notice of judgment that was mailed was incorrectly addressed and on remailing by the court, he did not receive it until April 10, 1972, after the delays to appeal had expired; that he moved to appeal at once and that under the decision of this court in the case of Reid v. Blanke, 215 So.2d 406 (1968), where the clerk does send out notices of judgment by custom, the appellant will not be deprived of his appeal where he relied on the practice of the court to notify him.
We first note that the initial hearing of Reid v. Blanke, reported at 200 So.2d 132, this court remanded the case for a hearing for the purpose of taking evidence on the question of how and when defendants could have ascertained that the judgment had been signed. This court then found that a custom existed and was relied upon by the attorneys, and since appeals are favored, granting an out-of-time appeal.
We now question whether the case of Reid v. Blanke, supra, should stand. If it does, it would be proper to remand this case to the First City Court for additional evidence.
The Code of Civil Procedure, as amended, provides for the necessary rules that our courts must follow, as directed by the legislature. In C.C.P. art. 5002 it grants ten days for an appeal from a city court judgment after the expiration of the delays for appealing for a new trial or service of notice of judgment, when necessary.
In City Courts, C.C.P. art. 4898 provides:
"Notice of judgment shall be served on a defendant against whom judgment is rendered if the citation was not served on him personally, and he failed to answer.
"Notice of judgment need not be given in any other case."
Thus notice is required only when a defendant was not served personally and failed to answer. Here it is the plaintiff who is appealing ergo no notice is required.
The legislature simply has not provided in a case such as this and in Reid v. Blanke, supra, that a notice of judgment is required. Since no notice is required, the appellant's argument that he received the notice late cannot prevail. The desirability of a mandatory notice or the efficacy of a customary notice addresses itself to the legislature not to the courts. In district *785 court cases a notice of judgment is usually required, C.C.P. art. 1913.
The custom of the clerk as shown in Reid v. Blanke, supra, cannot prevail over the requirements of the Code of Civil Procedure to allow an out-of-time appeal. While custom can be considered (Civil Code Article 21) it is only when there is no express law on the subject. Here in C.C.P. art. 5002 there is an express law that no notice of judgment is required, therefore the motion for an appeal comes too late.
In coming to the conclusion that we have in this case, it becomes necessary to overrule Reid v. Blanke insofar as it is inconsistent with this decision.
Because we overruled the Reid case, we have submitted this matter to the court en banc in accordance with our internal rules.
The appeal is dismissed.
Dismissed.
SAMUEL, Judge (dissenting with written reasons).
As stated in the judgment appealed from, this case was finally heard and submitted for adjudication on March 2, 1972. The judgment was read, rendered and signed on March 23, 1972. Appellant claims it was the established custom and practice of the trial court to send notices of judgment and that, in accordance therewith, notice of the judgment was mailed by the court to appellant's attorney on March 23, 1972, the date of the judgment. Appellant further claims the notice as mailed was incorrectly addressed and for that reason was not delivered to his attorney; it was returned to the trial court, which remailed it; and, as a result of the delay, the notice was not received by the attorney until April 10, 1972, after the delays for appealing had expired.
If, for example, at the time the matter was submitted to the court for adjudication the trial judge had stated from the bench that he would send a notice of judgment to counsel when the judgment was rendered, I believe even the majority would be of the opinion counsel could depend upon the assurance given by the judge. It appears clear to me there would be a failure to meet the basic requirements of due process if, after such assurance had been given, the right to appeal was lost because no notice was sent. A litigant cannot be deprived of his right to appeal simply because he has been misled by an action, or lack of action, on the part of the court itself.
I can see no material difference between the example given and the case where the court, as a matter of established custom and practice, regularly gives notice of judgment. Counsel have as much right and reason to rely upon the established custom and practice as they have to rely upon the assurance given by the judge from the bench. In either case counsel have the right to rely upon the fact that the notice will be sent and in either case failure to send the notice violates due process.
I adhere to the reasons and conclusions expressed and reached in Reid v. Blanke, La.App., 200 So.2d 132. That position finds support in the very recent Supreme Court of Louisiana case of Messina v. Kock Industries, Inc., La., 273 So.2d 275. Presented in that case, and in this one, are similar questions involving jurisdiction and the basis of due process, fairness.
Accordingly, I respectfully dissent.
REDMANN, Judge (dissenting).
Dismissal may be correct here, if in fact appellant had notice of judgment seasonably (as appellee's memorandum and exhibits suggest).
But C.C.P. art. 5002's denial of notice, repeated by C.C.P. art. 4898, effectively denies appeal and therefore violates La. Const. art. 1 § 6's requirement that all *786 courts be open to afford "adequate remedy by due process of law and justice administered without denial * * *", and art. 7 § 29's provision for appeal to this court in civil matters involving over $100.
We should remand to determine the factual question of when appellant's counsel in fact obtained the notice addressed to him. If the clerk's error delayed it only a few days, still leaving reasonably adequate time to file the motion for appeal, the appeal should be dismissed. Otherwise the appeal should be maintained.
LEMMON, Judge (dissenting).
C.C.P. art. 5002 provides that notice of the rendition of judgment is not necessary, except in the case of a default judgment against a defendant who was not personally served. The article further provides that a new trial may be applied for within three days from the date of judgment and that a devolutive appeal may be applied for within ten days after the expiration of the delay for applying for a new trial.
The article therefore specifically provides that the delay within which to file an appeal commences in relation to the date of judgment, but that notice of that event is not necessary. Under the plain terms of the article, the judgment of the city court became final and definitive in this case when plaintiff failed to take an appeal on or before April 7, 1972. Therefore, if Article 5002 properly provides that notice is unnecessary, then the fact that plaintiff's counsel received no notice of judgment prior to the passage of the time for filing the appeal is irrelevant and the reason that he did not receive the notice cannot be inquired into.
However, I believe that C.C.P. art. 5002 is patently unconstitutional in that it fails to provide the minimum requirements of procedural due process. The right to an appeal is a constitutional right. Harnischfeger Corp. v. C. W. Greeson Co., 219 La. 546, 53 So.2d 488 (1951). A person cannot be deprived of the right to an appeal because the statute providing for that right fails to require that a reasonable attempt be made to notify the person of the event which brings the right into fruition. To afford due process the statute, which grants a party the right to an appeal and provides a certain period of time within which that right must be exercised, must also provide a reasonable procedure for notifying the party of the event which commences the running of this period of time.
Under the majority ruling, when a case in the First City Court is taken under advisement, an unreasonable burden is placed on the parties to check the docket in the Clerk's office almost weekly. A party should not be required to "live in the Clerk's office" in order to determine the beginning date of a limited period of time within which he can exercise the right of appeal.
It has been suggested that a person could request notice pursuant to C.C.P. art. 1913 and 1914. I question the applicability of those articles in the present case. However and more importantly, a litigant need not request procedural due process. The procedure under consideration must provide for due process; it is not sufficient that the procedure provides a method whereby due process may be requested.
Inasmuch as C.C.P. art. 5002 is unconstitutional in providing that notice of judgment is not required, the provisions of C. C.P. art. 1913 then control. See C.C.P. art. 4831. Therefore, the Clerk's abortive effort to notify plaintiff's counsel by letter containing an incorrect address did not constitute notice which commenced the running of delays within which to appeal.[1]
NOTES
[1] Plaintiff's counsel's April 7 letter to opposing counsel, transmitting a copy of the petition for appeal, indicates that he had actual knowledge of the judgment on or before that date. If my view on the unconstitutionality of the statute were adopted, it might be necessary to inquire into the question of whether, at the time counsel received actual notice, there was a reasonable amount of time remaining within which to perfect the appeal.