REDMANN, Judge
(dissenting).
Procedural law cannot be a labyrinth designed to impede reaching our goal of substantive justice. C.C.P. art. 5051 commands “due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves.”
Appellant’s counsel received a notice of judgment by mail from the First City Court of New Orleans. C.C.P. art. 4898 states a procedural rule to the effect that notice of judgment by mail is never to occur :
“Notice of judgment shall be served [i. e., by the constable] on a defendant against whom judgment is rendered if the citation was not served on him personally, and he failed to answer.
“Notice of judgment need not be given in any other case." (Emphasis and bracketed material added.)
After receiving the notice by mail, counsel relies on the provision of C.C.P. art. 5002 that new trial may be moved within three days of “notice of judgment when necessary.” Appellant’s argument is that receipt of the notice suggests it was necessary, and he therefore had three legal days from Thursday February 7, or through Tuesday February 11, to apply for a new trial. His bond of February 21 would thus have been within art. 5002’s ten days for appeal.[1]
Appellant’s argument meets another obstacle in C.C.P. art. 1974’s provision that the three-day delay “commences to run on the day after the clerk has mailed . the notice of judgment as required by Article 1913”. The requirement of art. 1913 (if notice is required) is mailing “to each party not represented by counsel.” Here *257 the clerk certifies the notice was deposited in the mail on Tuesday February S. If the clerk “mails” “to each party” by depositing only, irrespective of whether the notice is received then new trial application period was Wednesday February 6 through Friday February 8, and the ten day appeal period would have expired Tuesday February 19 (Monday being the transferred legal holiday for Washington’s birthday).
But we should construe “mail” (“to each party”) as the completed process which results upon receipt by the party. Broadway v. All-Star Ins. Corp., La. 1973, 285 So.2d 536, dealing with an insurance cancellation statute, reasoned “An interpretation which permits a deposit in the mails to conclusively terminate coverage undermines the purpose of the notice.” An interpretation that “notice” of judgment is accomplished by deposit only, irrespective of receipt, and that time for new trial runs from the clerk’s depositing notice, similarly “undermines the purpose of the notice.”[2]
Accordingly, were this question of timeliness raised for the first time I would sustain the appeal as timely.

Sublet v. United T.V. Rental, Inc.

However, this court, divided six to three, has previously ruled that under C.C.P. arts. 5002 and 4898 no mailed notice is necessary and the fact that notice is mailed is immaterial, despite constitutional arguments, by two dissenters that notice is essential, and by a third dissenter that where the practice is to mail notice due process and precedent justify reliance on expectation of notice; Sublet v. United T.V. Rental, Inc., supra n. 1.
Two of the Sublet majority were judges pro tempore no longer sitting in this court. The appellee here did not act in reliance on the prior decision of this court. He has only a hope that appellant’s ending up lost in a legal labyrinth will save him from the necessity of arguing an appeal and the possibility of reversal of the trial court’s judgment.
In my opinion this matter should be submitted to the court en banc to consider overruling Sublet v. United T.V. Rental, Inc. and maintaining the present appeal.

. The contrary ruling by this court en banc by six-three majority including two judges pro tempore, Sublet v. United T.V. Rental, Inc., La.App.1973, 284 So.2d 783, is hereafter discussed.

. Additionally, appellant argues that C.C.P. art. 5002 should be construed to grant three days from “service” of notice, whether by mail or by constable, since art. 5002 makes no provision for the unenvisioned service by mail.