337 So.2d 1186 (1976)
STATE of Louisiana
v.
Patricia MITCHELL.
Nos. 57977, 58012.
Supreme Court of Louisiana.
October 6, 1976.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Gretna, Abbott J. Reeves, Metairie Director, Research and Appeals Division, for plaintiff-relator in No. 57977 and No. 58012.
Ralph L. Barnett, Gretna, for defendant-respondent in No. 57977 and No. 58012.
*1187 DIXON, Justice.
On March 28, 1974 Patricia Mitchell was arrested for forgery and on April 17, 1974 she was formally charged by a bill of information with violating R.S. 14:72 in that she allegedly forged and attempted to cash an American Express Traveler's Check in the amount of $40.00. On April 3, 1974 Ms. Mitchell posted bond in the amount of $1500.00, with Adam C. Hebert, respondent herein, signing as surety and obligating himself in solido on the bond undertaking.
Arraignment was originally scheduled for May 3, 1974. Notice thereof was personally served on the surety on April 23, 1974, but personal service on Ms. Mitchell was attempted without success since she could not be located. Since neither the accused nor her surety appeared at the arraignment, it was rescheduled for May 10, 1974. Once again the surety was personally served with notice of the arraignment date but Ms. Mitchell could not be located so that the attempted service on her was unsuccessful. Neither the defendant nor her surety appeared at the second attempt to arraign the accused. The trial judge, setting forth the defendant's failure to appear as the reason, entered a judgment against the defendant and her surety in solido decreeing forfeiture of the bond on May 15, 1974.
The surety filed a motion to rescind the bond forfeiture judgment almost two years later. He alleged that the bond forfeiture procedure was violative of due process and, in addition, pleaded "equitable estoppel" on the ground that he was not given a customary notice of the entry of the bond forfeiture judgment. On the basis of the equitable claim, the trial judge granted the surety's motion on March 18, 1976. On June 2, 1976 this court granted the State's application for remedial writs to review the trial judge's action.
C.Cr.P. 337 provides:
"When a bail bond does not fix the appearance date, and the presence is required of a person who has been released on bail in a felony case, his surety shall be given written notice of the time, date, and place the principal is required to appear. The notice shall be delivered to the surety by an officer designated by the court, at least two days prior to the day set for the appearance, or may be mailed to the surety at least three days prior to the day set for the appearance. If the principal appears as ordered and the proceeding is continued to a specific date, the surety need not be given notice of the new appearance date. Failure to give notice, as required by this article, relieves the surety from liability on a judgment of forfeiture for the defendant's nonappearance on that particular date."
R.S. 15:85 provides:
"A. All bonds taken to secure the appearance of any person before any district court, otherwise than at a preliminary examination, shall be forfeited and collected as follows:
"(1) If, at the time fixed for appearance, such person fails to appear and answer when called, the judge shall, on motion of the district attorney, upon hearing of proper evidence including service or attempted service upon the defendant and service upon the surety, forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof.
"(2) If within twenty-four hours after the rendition, under the provisions of this Section, of any judgment forfeiting any appearance bond, the judgment has not been paid, the district attorney shall cause the judgment to be recorded, and may, at any time, cause it to be recorded in every parish in which he thinks the recordation proper, and every such recordation shall be without cost and shall operate as a judicial mortgage against both the principal and his sureties. If the judgment has not been paid, the district attorney shall, at the expiration of the time allowed by law for the taking of an appeal, and after the time allowed by law for the surety to return the fugitive to the jurisdiction of the court in which said charge was made, cause to issue a fieri *1188 facias against both the principal and his sureties.
"B. Any judgment forfeiting an appearance bond rendered under the provisions of this Section shall, at any time within six months after rendition, be set aside upon the surrender or the appearance and trial and conviction or acquittal of the defendant, or upon a continuance granted upon motion of the district attorney after such appearance."
The surety does not contend that these requirements were not met nor that a notice of the bond forfeiture judgment is required under the applicable statutory law. However, the surety argues that in the absence of giving a notice of the judgment he was denied procedural due process because he was not given notification that the six months period provided by R.S. 15:85(B) had begun to run. This argument is not supported by authority nor reason.
In the surety contract the surety obligated himself, in solido, with the principal (the accused) to pay $1500.00 if the principal did not appear to answer to the charges brought against her. The surety was given notice that the accused was to appear on the given dates to be arraigned and that if she did not appear the surety contract would be enforced. In addition, R.S. 15:85(B) provides that if, after receipt of notice, the surety fails to present the accused, the court shall forthwith enter a judgment decreeing the forfeiture of the bond. Since the surety had knowledge of the terms of his contract and should be deemed to know the applicable statutes, the notice of the arraignment date he received gave him actual notice that his property would be in jeopardy unless he took steps to guarantee production of the accused or attended the arraignment himself to present any defenses he might have to the entering of the bond forfeiture judgment. At the most, procedural due process only guarantees that a person have prior notice and an opportunity to be heard before his property is taken. E.g. Mitchell v. W. T. Grant Co., 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974). These requirements were adequately complied with in this case.
The trial judge granted the surety's motion to rescind the judgment decreeing the bond forfeited on the basis of "equitable estoppel." He reasoned that due to the practice in the parish of serving a copy of the judgment on the surety, the district attorney was estopped from enforcing the judgment in the absence of sending the notice even though it was not required by law.
A court can only consider received usages when there is no express law on the subject. C.C. 21; Sublet v. United T. V. Rental, Inc., 284 So.2d 783 (La.App. 4th Cir. 1973). In the applicable statutes there is express law establishing the procedure for bond forfeiture, and no notice of the bond forfeiture judgment is required. In addition, "equitable estoppel" is not favored in our law (e.g. Wilkinson v. Wilkinson, 323 So.2d 120 (La.1975)) and properly applies only to representations of fact. American Bank & Trust Co. v. Trinity Universal Ins. Co., 251 La. 445, 205 So.2d 35, 40 (1967); Bigelow on Estoppel, 634 (6th ed. Carter, 1913). Under the circumstances of this case there was merely a forebearance in the application of the statutory provisions which may have resulted in an impression that the law required a notice of the entering of a bond forfeiture judgment. Since both parties were equally apprised of the actual law in this area, this is not a proper case for the invocation of the doctrine of equitable estoppel.
For the foregoing reasons the lower court's judgment rescinding the bond forfeiture judgment is reversed, the judgment decreeing the bond forfeited is reinstated, and the case is remanded to the district court for further proceedings.