BYRNES, Judge.
The sole issue before us in this case is the granting of a Motion to Dismiss an appeal. Appellants are the parents of Murray McGuire, a minor child who was found to be a Child in Need of Care under La.R.S. 13:1570, by a judgment of disposition in Juvenile Court dated September 27, 1982. Appellants filed a motion to appeal this judgment on October 27, 1982. A return date of December 29, 1982 was set and an appeal bond fixed at $4,000.00.
A motion to dismiss the appeal as untimely was filed by the state on November 19, 1982. This motion was subsequently withdrawn. However, the state reserved its right to reurge the motion in the appellate court. A second motion to dismiss was filed on January 4, 1983. This motion sought dismissal because the appellants had not timely paid the costs of their appeal and had not obtained an extension of time in which to pay those costs.
The trial judge granted the state’s motion, ruling that:
... the only step I can take at this time is to grant the Motion to Dismiss and, the reason for that is that the appeal was not taken timely. The bond was not furnished and the record was not prepared and lodged timely and the reason it was not done so was because payment of cost was not made or advanced by the appellant timely.
The procedure for perfecting an appeal from a judgment of disposition in juvenile court is set forth in C.J.P. Articles 97-104. C.J.P. Article 99 provides that:
Appeals shall be taken within fifteen (15) days from the entering of the judgment of disposition.
C.J.P. Article 100 provides that an appeal is taken by obtaining an order from the court which rendered the judgment. Appellants did not seek an order of appeal until October 27,1982, thirty days after the judgment of disposition was entered. They contend however that, because the Code of Juvenile Procedure does not provide for notice of judgment before the commencement of appeal delays, they have been denied due process of law in violation of their constitutional rights.
We do not address this issue because the facts of this case do not require it. The record reveals that in the judgment of disposition, the trial judge directed the clerk of court to mail a copy of the judgment to all attorneys of record. Appellants’ attor *462 ney of record contends that this notice was never received by him. The record also contains an affidavit by the court reporter stating that she was informed that appél-lants’ attorney did not receive his copy of the signed judgment of disposition and that she gave another copy to the father of appellant, Casandra McGuire, for delivery to her attorney of record. Thus there appears to be a genuine question as to whether a copy of the signed judgment was ever received by appellants’ attorney as was ordered by the court.
While the Code of Juvenile Procedure does not require notice of judgment before the commencement of appeal delays we feel that, in this case, appellant’s attorney was entitled to rely on the trial judge’s order to his clerk to mail a copy of the judgment to all attorneys of record. The law favors appeals and they should be dismissed only when a legal ground for dismissal is clearly shown. Davidge v. Magliola, 346 So.2d 177 (La.1977) writ denied, 354 So.2d 1385 (La.1978). An appeal should be dismissed only when an error, irregularity, or defect in the appeal is imputable to the appellant. C.C.P. Art. 2161.
We distinguish the cases of Sub-Let v. United Television Rental, 284 So.2d 783 (La.App. 4th Cir.1973). State v. Mitchell, 337 So.2d 1186 (La.1976). Both Mitchell and Sub-Let involved a customary practice of the Clerk of Court to mail notice of judgment to all parties even if the parties did not request it and the law did not require it. Those cases cited C.C. Art. 21 and held that, custom cannot prevail over the express provisions of law, dealing with notice of judgment and the commencement of appeal delays and therefore upheld dismissal of the appeal as untimely in spite of the parties reliance on the custom. In the present case the custom of the clerk of court is not the issue, rather the issue is whether appellant’s attorney could rely on an express order of the trial judge. Although parties may not rely on the custom of the clerk of court, they may rely on the actual words of a judgment. The judgment in this case gave appellants’ attorney a reasonable expectation that he would receive a signed copy. Under these circumstances we hold that the untimeliness of appellants appeal was not imputable solely to them and therefore should not be grounds to dismiss their appeal. C.C.P. Art. 2161. Fairness to the parties and the strong policy of the state favoring appeals requires this result.
As to appellee’s contention that the cost of preparing the trial transcript was not timely paid, we note that counsel for appellant never received the certified letter estimating those costs which the clerk is required to send. C.C.P. Art. 2126. This omission, like the first, is therefore not imputable to appellants and, for the same reason dismissal of their appeal is not warranted. This is not to say that appellants would not be responsible for the cost of preparing their appeal were they properly notified of those costs. However, in the absence of proper notice, failure to pay these costs should not result in dismissal of the appeal.
Finally we address appellee’s assertion that the appeal should be dismissed for failure to post the bond of $4,000.00 set by the trial judge when granting the appeal. C.J.P. Art. 103 provides that:
The effect of a judgment of disposition shall not be suspended by an appeal unless the trial court or court of appeal directs otherwise.
Code of Civil Procedure Art. 2124 states that no security is required to take a devol-utive appeal. Because all appeals from a judgment of disposition in juvenile court are presumed to be devolutive in the absence of a contrary order by the trial or appellate court (C.J.P. Art. 103), we conclude that the fixing of bond in the order of appeal was erroneous.
Since there was no bond required by law in this, case and because appellants did not receive notice of the estimated costs of appeal as required by C.C.P. Art. 2161, we conclude that their failure to furnish that bond or pay those unknown costs was not *463 imputable to them and should not result in dismissal of their appeal.
For the foregoing reasons we reverse the trial judge and order that this appeal be reinstated.
All costs of this appeal are to be borne by appellees.
REVERSED.