P.O. Box 16577
Lake Charles LA 70616
(337) 433-9403

**REHEARING ACTION: April 24, 2013**

**Docket Number: 12-01007 CW    and    12-1269 CA**

**KANO INVESTMENTS, LLC
VERSUS
KOJIS CONSTRUCTION, LLC**

**Writ Application from Avoyelles Parish Case No. 2012-7687**

**BEFORE JUDGES:**

      **Hon. Elizabeth A. Pickett
      Hon. J. David Painter
      Hon. Phyllis M. Keaty**

As counsel of record in the captioned case, you are hereby notified that the application

for rehearing filed by **Kojis Construction, LLC** has this day been

      **GRANTED.**  (Opinion on rehearing attached.)

As counsel of record in the captioned case, you are hereby notified that the application

for rehearing filed by **Kano Investments, LLC** has this day been

      **DENIED.**

cc: Jerold Edward Knoll, Jr.
    Brian K. Thompson
     Hon. Charles A. Riddle, III

# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### CW12-1007
### consolidated with 12-1269

**KANO INVESTMENTS, L.L.C.**

**VERSUS**

**KOJIS CONSTRUCTION, L.L.C.**

\*\*\*\*\*\*\*\*\*\*\*\*

**APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2012-7687-B
HONORABLE WILLIAM J. BENNETT, JUDGE**

**ON REHEARING**

\*\*\*\*\*\*\*\*\*\*\*\*

**J. DAVID PAINTER
JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, J. David Painter, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

Jerold Edward Knoll
P.O. Box 426
Marksville, LA 71351
COUNSEL FOR PLAINTIFF-APPLICANT-APPELLEE:
    Kano Investments, L.L.C.

Brian K. Thompson
2915 Jackson St.
Alexandria, LA 71301
COUNSEL FOR PLAINTIFF-APPLICANT-APPELLEE:
    Kano Investments, L.L.C.

Charles A. Riddle
P.O. Box 608
Marksville, LA 71351
COUNSEL FOR DEFENDANT-RESPONDENT-APPELLANT:
    Kojis Construction, L.L.C.

**PAINTER, Judge.**

We grant the application of Defendant-Appellant, Kojis Construction, L.L.C. solely as to the issue of estoppel. After reviewing the facts and the applicable law, we find that payment of rent for three months did not act to estop the breach of lease claim. The lease contract provides that the landlord's failure to exercise its rights under the lease promptly does not operate to forfeit such rights. Further,

> [E]quitable estoppel applies only where a party has made false or misleading representations of fact and the other party justifiably relied on the representation. *State v. Mitchell*, 337 So.2d 1186, 1188 (La.1976). We must narrowly construe this argument, as "estoppel is not favored in our law," *Id.*, and estoppel is a "doctrine of last resort." *Howard Trucking Co., Inc. v. Stassi*, 485 So.2d 915, 918 (La.1986).

*Waste Management of Louisiana, LLC v. Penn-America Ins. Co.*, 12-1033, p. _ (La.App. 3 Cir. 2/6/13), ___ So.3d ___, ___. The documents supporting the motions for summary judgment do not support application of this doctrine.

Therefore, we affirm our original opinion and affirm the trial court's grant of summary judgment with regard to breach of lease.

**AFFIRMED.**

1