SARTAIN, Judge.
Defendant brings this appeal from judgment in favor of plaintiff in the amount of $15,000.00 rendered pursuant to L.R.S. 33:1981 which provides that the attorney general is to seek benefits on behalf of the surviving spouse and dependant children of firemen who suffer death as a result of job related injuries. We affirm the result reached by the trial court.
The facts of this case are not in dispute and appear in record in a pretrial stipulation as follows:
A) August Johnson was a paid, regularly employed fireman with the Jefferson Parish Fire Department on and prior to his death on September 4, 1973.
B) At the time of his death, decedent left a surviving spouse, Mrs. Mary Pane Johnson and a dependent minor child, Priscilla Marie Johnson.
C) August Johnson, died as a result of a heart attack while he was returning from a fire and while riding in a Jefferson Parish Fire Department truck.
D) August Johnson was a full-time fireman for the East Jefferson Consolidated Fire Department from February 1, 1953 to the date of his death September 4, 1973.
The affidavit of Robert M. Patton, M. D., the decedent’s personal physician, shows that decedent had a past history of heart trouble. He stated further:
“The heart condition that Captain Johnson suffered with could be aggravated by physical and/or emotional stress such as the work I know that he performed in conjunction with his duties as a Captain with the Fire Department.
On September 4, 1973, Mr. August Johnson was brought into the East Jefferson Hospital with a heart attack and I determined his cause of death to be cardiac arrest due to a heart attack while fighting a fire in his employment with the East Jefferson Consolidated Fire Department. This was what, in my opinion, caused his death and I signed a death certificate so certifying.”
That decedent suffered his attack as a result of his firefighting activities is not here challenged. Rather, the sole issue now before this court, and as stipulated by the parties, is whether a heart attack is an “injury” within the meaning of L.R.S. 33:1981, which states in pertinent part:
C. In any case in which a fireman suffers death as a result of any injury (1) arising out of and in the course of the performance of his official duties as such fireman, or (2) arising out of any activity while on or off duty, in his capacity as a fireman, in the protection of life or property, the legislature shall appropriate the sum of ten thousand dollars, which shall be paid to the surviving spouse of such fireman, and, in addition thereto, should such fireman be survived by dependent children, the legislature shall appropriate the sum of five thousand dollars for each of said dependent children which sums shall be paid to the duly appointed and qualified tutor or other legal representative of said child.
The question presented us is res nova in Louisiana as we can find no case that has construed any part of the above statute since its original passage in 1968 (Act No. 387). The statute was reenacted and amended by Act 27 of the First Extraordinary Session of 1975 to conform the then existing law to the provisions of Article X, Section 29(D) of the Constitution of 1974, which states:
(D) Compensation for Survivors of Law Enforcement Officers and Firemen. The legislature shall establish a system, including the expenditure of public funds, for compensating the surviving spouses and dependent children of law enforcement officers, firemen, and per *527 sonnel, as defined by law, who die, or who died after June 30, 1972, as a result of injury sustained in the performance of official duties or in the protection of life or property while on or off duty.
Article 14 of the Louisiana Civil Code states:
Art. 14. The words of a law are generally to be understood in their most usual signification, without attending so much to the niceties of grammar rules as to the general and popular use of the words.
Webster’s Third. International Dictionary defines “injury”, in part, as “an act that damages, harms, or hurts.” In further defining the synonyms of the word it is stated “injury, hurt, damage, harm, and mischief mean in common the act or result of inflicting on a person or thing something that causes loss, pain, distress, or impairment.”
The Louisiana courts have long recognized that, under certain circumstances, coronary failure can constitute an injury and an accident within the meaning of our workmen’s compensation law. In Murray v. Mengel Co., 9 So.2d 818 (La.App., 1st Cir., 1942) we held:
“If the exertion and straining in working cause such an elevation in the blood pressure of a person with hardened arteries as to cause the artery to rupture and result in a hemorrhage, this is an injury to the physical structure of the body and is such an unexpected and unforeseen occurrence as to constitute an accident within the meaning of the compensation law. It is now well established in our jurisprudence that, if excessive heat, heavy lifting or straining, although usual and customary, cause or contribute to a physical breakdown or accelerate its occurrence because of a preexisting condition, the legal requirements are present to constitute an accident, and the injury is compensable. Wright v. Louisiana Ice & Utilities Co., 19 La.App. 173, 138 So. 450; Ozbolt v. Weber-King Mfg. Co. et al., La.App., 193 So. 383; Nickelberry v. Ritchie Gro. Co. et al., 196 La. 1011, 200 So. 330.” (Emphasis ours).
In the present case, we feel the term injury, as used in its ordinary sense and as expressed in the jurisprudence of this state, encompasses the cause of death here presented to us. It is obvious that firemen are constantly exposed to heat and smoke and that this has a detrimental effect on one’s physical well being. Our legislature has even established a presumption in favor of firemen who have served more than five years that heart and lung diseases which develop after that time are presumed to be employment related. L.R. S. 33:2581.
We feel that had the legislature intended to limit the word “injury” to only those traumatic in nature, they would have done so. Instead, in the very first section of the act it is made clear that it is to apply to any injury related to the employment:
A. It is hereby declared to be the public policy of this state, under its police power, to provide for the financial security of surviving spouses and dependent children of firemen where such firemen suffer death as a result of any injury arising out of and in the course of the performance of his official duties as such fireman, or arising out of any activity while on or off duty in the protection of life or property. (Emphasis ours)
Thus, it appears to us that a restrictive interpretation is here neither called for nor intended, but rather, one which compels at least an application of common meaning, if not liberal interpretation, in order to effectuate the strong public policy expressed in the act to provide financial security for the state’s firemen.
Accordingly, the judgment of the trial court is affirmed.
Affirmed.