427 So.2d 1178 (1983)
William J. GUSTE, Jr., Attorney General, State of Louisiana ex rel. Pearl Johnson COURVILLE, et al.
v.
Joseph BURRIS, Legislative Auditor.
No. 82-C-1805.
Supreme Court of Louisiana.
February 23, 1983.
*1179 Tommy D. Teague, Asst. Atty. Gen., William J. Guste, Jr., Atty. Gen., David E. Henderson, Asst. Atty. Gen., Baton Rouge, for applicant.
Robert E. Harroun, III, Baton Rouge, for respondent.
BLANCHE, Justice.
Officer Julius T. Courville was shot and killed on August 26, 1978 while on routine patrol with the Henderson Police Department. He had been in the employ of the rural St. Mary Parish town for only two days prior to the fatal incident. The Attorney General for the State of Louisiana filed suit for a declaratory judgment on behalf of the officer's surviving spouse and dependent child, seeking law enforcement officer survivors' benefits pursuant to the provisions of LSA-R.S. 33:2201 et seq.[1] The trial court denied declaratory relief, ruling that Officer Courville was not a "law enforcement officer" within the meaning of the statute, thereby precluding any recovery of benefits by his survivors. The trial court judgment was affirmed by the court of appeal. 417 So.2d 445 (La.App.1982). We granted writs on the belief that the restrictive interpretation given the statute by the lower courts is not in accord with the public policy which prompted enactment of the benefit plan.
The sole issue presented for our consideration is whether Officer Courville, at the time of his death, was a "law enforcement officer" within the meaning of LSA-R.S. 33:2201 such that his widow and dependent child may recover the survivors' benefits afforded therein. After a careful review, we are of the opinion that Officer Courville was indeed a "law enforcement officer" *1180 within the meaning of the statute. Accordingly, we reverse.
At the time of Officer Courville's death, LSA-R.S. 33:2201 provided as follows:
"A. It is hereby declared to be the public policy of this state, under its police power, to provide for the financial security of surviving spouses and dependent children of law enforcement officers where such officers suffer death as a result of any injury arising out of and in the course of the performance of his official duties as such officer, or arising out of any activity, while on or off duty, in the protection of life or property.
B. Law enforcement officers, within the meaning of this Section, shall include:
* * * * * *
(3) Those municipal police officers to whom state compensation is or may be paid as provided by law."[2]
A concomitant provision is LSA-R.S. 33:2218.2, the relevant portion of which reads:
"A. In addition to the compensation now paid by any municipality included in this Subpart to any police officer, every police officer employed by any municipality which employs one or more police officers who devotes his full working time to law enforcement shall be paid by the state extra compensation as follows:
(1) One hundred fifty dollars per month for each full-time municipal law enforcement officer who has completed or who hereafter completes one year of service."[3]
R.S. 33:2201(A) sets forth expressly the public policy considerations underlying enactment of the survivor benefit plan. The stated purpose of the plan is to provide for the financial security of widows and dependent children of law enforcement officers killed in the course of the performance of their official duties or during other activities, while on or off duty, involving the protection of life or property. cf. La. Const. art. X, § 29(D); LSA-R.S. 33:1981. It is readily apparent that the benefit scheme reflects a legislative desire to afford financial security to the families of police officers due to the hazardous and lifethreatening nature of police work. The provision makes no reference to length of service.
The lower courts based their denial of survivors' benefits on the grounds that Officer Courville was not a municipal police officer "to whom state compensation is or may be paid" within the meaning of R.S. 33:2201(B)(3), even though it was uncontroverted that he died in the course of performing his official duties. According to the lower courts, R.S. 33:2201(B)(3) and R.S. 33:2218.2(A)(1) were intended to afford benefits only to the survivors of police officers who were: (1) actually receiving state compensation at the time of their death, or (2) who were otherwise entitled to receive compensation, but, for whatever reason, were not receiving such compensation at the time of their death. The lower courts concluded that Officer Courville did not fit into either category because he had not completed the one year of service required by R.S. 33:2218.2. Under that provision, the one year of service was a pre-requisite to the state's obligation to pay compensation of $150 per month.
We cannot subscribe to the reasoning of the lower courts. In our view, such an interpretation is in direct derogation of public policy and leads to an unduly harsh and unjust result. We agree with the lower courts that the words of the statute are clear and unambiguous. However, we are of the opinion that the proper interpretation of the statute is that the one-year service requirement of R.S. 33:2218.2 does not remove from the class of officers "who may be paid as provided by law" an officer who has served for less than one year.
*1181 Title 33 of the Louisiana Revised Statutes is entitled "Municipalities and Parishes" and is divided into several parts, "Part III" of which is entitled "Police Department." This part is further divided into "Sub-part A Organization" and "Sub-part B Minimum Wages and Maximum Hours." Section 2201 comes under "Sub-part A-1 Payment to Surviving Spouse and Children." Section 2218.2 comes under "Sub-part B-1 Extra Compensation Paid by State." We agree that § 2201 "refers" to § 2218.2; however, we are of the opinion that the reference obtains only insofar as § 2218.2 establishes the point at which attaches the state's obligation to pay extra compensation to the officers described in § 2201. That obligation does not arise until an officer has served for one year.[4] The one year requirement does not, in our opinion, condition the recovery of survivor benefits under § 2201. The two sections are found under different subparts, one of which establishes the substantive right to recover survivor benefits (§ 2201) and the other of which establishes the conditions under which the state is required to pay extra compensation (§ 2218.2). The fact that an officer would not be eligible for the state compensation until the completion of one year of service does not remove him from the class of officers who "may be paid as provided by law" within the meaning of § 2201.
This interpretation becomes all the more reasonable when R.S. 33:2201(B) is read in its entirety.[5] Under that provision, nowhere is entitlement to survivors' benefits conditioned upon the officer's length of service. For example, R.S. 33:2201(B)(7) specifically affords coverage to the survivors of police cadets "when such cadet has been assigned and is performing police duties." This provision demonstrates clearly that the legislature contemplated that eligibility for survivors' benefits would depend on the nature of the service rendered by the officer rather than the length of the time he had served.
However, if the judgments of the lower courts were allowed to stand, and, applying R.S. 33:2201(B)(3) as it read at the time of Officer Courville's death, the survivors of a police cadet not yet commissioned *1182 as a police officer, but who was nevertheless killed in the line of duty, would be entitled to recover survivors' benefits. Yet once that cadet became a rookie police officer, performing the same duties as he had while a cadet, his family would no longer be entitled to recover benefits unless he survived his rookie year. We doubt that the legislature intended a result which would make recovery of benefits determinable upon pure happenstance, unrelated to the basic objectives of the statutory scheme. It is a familiar rule of statutory interpretation that harsh and unjust results should be avoided, and, if possible, statutes should be construed so as to apply equally to all persons similarly situated. Gremillion v. Louisiana Public Service Commission, 186 La. 295, 172 So. 163 (La.1937). The courts should not adopt a hypertechnical construction of a statute to deny benefits when a reasonable interpretation can be adopted which will not do violence to the plain words of the statute and which will carry out the legislative intent. City of New Orleans v. Board of Supervisors, 216 La. 116, 43 So.2d 237 (La.1949); Legros v. Conner, 212 So.2d 177 (La.App. 3d Cir.1968).
Accordingly, we conclude that the lower courts erred in interpreting LSA-R.S. 33:2201 in such a manner so as to deny survivors' benefits to the family of Officer Courville. Adopting the standard of "reasonable interpretation" this court established in City of New Orleans v. Board of Supervisors, supra, we conclude that Officer Courville was within the defined class of municipal officers as to whom state compensation "may be paid as provided by law." LSA-R.S. 33:2201(B)(3). The slain officer would have been entitled to receive state supplemental pay under R.S. 33:2218.2 after one year of service had he not been killed in the line of duty.
This interpretation is in accord with the public policy underlying the statutory scheme and works to give true effect to the legislative intent underlying enactment of the benefit plan. A similar provision relating to the availability of survivors' benefits for the families of firemen killed in the line of duty, LSA-R.S. 33:1981, was interpreted in Guste ex rel. Johnson v. Burris, 324 So.2d 525 (La.App. 1st Cir.), writs denied, 329 So.2d 453 (La.1976), wherein the court noted:
"Thus, it appears to us that a restrictive interpretation is here neither called for not intended, but rather, one which compels at least an application of common meaning, if not liberal interpretation, in order to effectuate the strong public policy expressed in the act ...."

DECREE
For these reasons, the judgments of the trial court and the court of appeal denying to the survivors of Officer Julius Courville benefits as provided by LSA-R.S. 33:2201 are reversed. In accordance with LSA-R.S. 33:2201(D), final judgment is hereby rendered granting the declaratory relief prayed for by the petitioners.
REVERSED AND RENDERED
NOTES
[1] LSA-R.S. 33:2201(D), (E), (F):

"D. No such payment shall be made until a judgment of a court of competent jurisdiction has become final, and such judgment has decreed that the law enforcement officer did suffer death under the circumstances provided in this section.
E. Suit shall be instituted by the attorney general against the legislative auditor in the district court of the parish in which the state capitol is situated in any case where it appears that a law enforcement officer has suffered death under the circumstances provided by this Section and jurisdiction over such suit is hereby conferred on said court. Any judgment rendered by such court shall be subject to appeal as in other civil matters.
F. Such suit may be instituted under the laws applicable to declaratory judgments, and any such suit shall be regarded as presenting a justiciable controversy between the attorney general and the legislative auditor."
[2] This provision was amended by Acts 1979 No. 382 to modify subpart (3) to read: "All municipal police officers employed on a fulltime basis."
[3] This provision was amended by Acts 1980 No. 634, reducing the tenure requirement to three months and the month compensation payment to $140.00.
[4] Now three months. See n. 2, supra.
[5] As it read prior to the 1979 amendment:

* * * * * *
"B. Law enforcement officers, within the meaning of this Section, shall include:
(1) All sheriffs and deputy sheriffs in the state employed on a full time basis.
(2) All members of the state police thus employed.
(3) All municipal police officers to whom state compensation is or may be paid as provided by law.
(4) All enforcement personnel of the Louisiana Wildlife and Fisheries Commission.
(5) All state probation and parole officers, including juvenile probation and parole officers.
(6) All security personnel and cottage parents working at state adult and juvenile correctional institutions, and
(7) Any police cadet of a political subdivision, as defined in Article IV, Section 44 of the Louisiana Constitution of 1974, when such cadet has been assigned and is performing police duties, even though said cadet has not been commissioned as a police officer therein.
Honorary law enforcement officers shall not be considered or interpreted to be law enforcement officers under this Section.
(8) All correctional officers and cottage parents employed at any facility under the jurisdiction of the Department of Corrections.
(9) All members of the Capitol Police.
(10) All reserve or auxilliary law enforcement officers. For the purposes of this Paragraph, a reserve or auxiliary law enforcement officer shall be defined as a volunteer, nonregular, sworn member of a law enforcement agency who serves with or without compensation and has regular police powers while functioning as an agency's representative, and who participates on a regular basis in agency activities including, but not limited to those pertaining to crime prevention or control, and the preservation of the peace and enforcement of the law.
(11) All full-time harbor police of any port, harbor and/or terminal district of this state.
(12) All members of the Louisiana National Guard who are killed in the line of duty while on active duty with the National Guard providing assistance during a period of civil disturbance or natural disaster or imminent danger thereof.
(13) Commissioned Security officers of the Department of Public Safety."
* * * * * *