BOUTALL, Judge.
Henry E. Yoes, Jr., and St. Charles Herald, Inc., filed suit against Charles C. Wilson, Sheriff of the Parish of St. Charles, and others, seeking a declaratory judgment declaring that River Parishes Guide is not qualified to be the official advertiser and publisher of notices for the St. Charles Parish Sheriff’s Office as required by L.R.S. 43:201 and that the appointment of the Guide by the Sheriff is null and void. From a judgment dismissing plaintiffs petition with prejudice, the plaintiffs have applied to this court for supervisory writs. Although appeal is an appropriate remedy in this case, we issued a writ of certiorari to enable us to pass upon the validity of the judgment complained of as soon as possible because the publication of sheriff’s sales, etc. were at issue and the public interest would be better served either by issuance of such a writ or by an accelerated appeal.
There is no basic dispute over the facts. The plaintiffs are publishers of the St. Charles Herald which prior to January 1, 1981 was the publisher of legal notices required to be made by the Sheriff of St. Charles Parish. Effective January 1, 1981, Sheriff Wilson selected River Parishes Guide as his official publisher of judicial and legal notices. It is plaintiff’s contention that the Guide does not fulfill the qualifications of the official publisher as required by L.R.S. 43:201. The defendant concedes that the Guide did not meet all of the five year requirements of that statute on the date it was appointed as it had not had a second class mailing permit for five years. However, defendant argues, that the statute removes the necessity of five year compliance by its very terms, since the Guide was in existence on May 11, 1970 as provided therein. Additionally, the Sheriff relies upon the proposition that the River Parishes Guide was named as the official journal of the Parish and he is required by certain laws to advertise in the official journal.
The resolution of this case is narrowed to an application of the existing law as of the time of the appointment of the Guide by the Sheriff, January 1, 1981. Considerable emphasis has been applied by both parties to our resolution of a similar problem in the case of Yoes v. St. Charles Parish Council, 400 So.2d 260 (La.App. 4th Cir.1981) wherein it was decided that the River Parishes Guide satisfied the qualifications necessary for selection as official journal for St. Charles Parish. Although basically the same facts of qualification were under consideration there, the court considered the application of L.R.S. 43:141, et seq. relative to official journals and did not consider the application of L.R.S. 43:201, relative to judicial advertisements and legal notices. However, insofar as those laws which re *1200 quire the Sheriff to advertise in the official journal are concerned, the holding in that case appears to be controlling. At the same time, much of the Sheriff’s advertisement is carried on under the provisions of L.R.S. 43:201, et seq. We also point out that since the effective date of Act No. Ill of 1970, which amended both Section 142 and Section 201, the qualifications of a newspaper read the same.
One of the issues in the prior Yoes case was the application of the definition of newspaper as contained in Section 201 prior to its amendment in 1970, plaintiffs contending there that that prior definition of newspaper carried over into the present Section 142 and now contending that it carry over into the present Section 201 and should be applied in interpreting the qualifications of a “newspaper which was in existence on May 11, 1970.”
We quote Section 201 as it appeared prior to its amendment in 1970 and as it presently exists. As amended by Act 289 of 1950, L.R.S. 43:201 read as follows:
“Section 201. Judicial advertisements and legal notices; parishes outside parish * of Orleans.
“All parishes of the state *, outside of the parish * of Orleans, where advertisements or publication of notices are required to be made in relation to judicial proceedings, or in the sale of property under judicial process, or in any other legal proceedings of whatsoever kind, shall publish them in an English newspaper printed in the parish in which the proceedings are carried on; and if there is no newspaper published in the parish, the advertisements or notices shall be made by posting them at or near the front door of the courthouse, or the place used as such, and at two other public places in different parts of the parish.
“The term ‘newspaper’ shall mean a publication appearing at regular intervals, which shall be at least once a week, having a second class mailing privilege, having a bona fide paid circulation to actual subscribers, publishing an average of at least forty per cent news matter, and containing reports of happenings of recent occurrence of a varied character, such as political, social, moral and religious subjects, and designed for the information of the general reader. The newspaper if published daily and in a town or city having a population of 40,000 or less, or if published weekly shall have been regularly and continuously printed and published in the parish for at least two years at the date of insertion of the advertisement or notice and if published daily and in a city having a population of over 40,000 shall have been regularly and continuously printed and published in the parish for at least one year.”
After its amendment by Act Number 111 of 1970, L.R.S. 43:201 reads presently:
“201. Judicial advertisements and legal notices; parishes outside parish of Orleans.
“All parishes of the state, outside of parish of Orleans, where advertisements or publication of notices are required to be made in relation to judicial proceedings, or in the sale of property under judicial process, or in any other legal proceedings of whatsoever kind, shall publish them in an English newspaper published in an office physically located in the parish in which the proceedings are carried on; and if there is no newspaper published in the parish, all advertisements or notices shall be made by posting them at or near the front door of the courthouse, or the place used as such, and at two other public places in different parts of the parish.
“The newspaper shall have been published in an office physically located in the parish in which the body is located for a period of five years preceding the selection, shall not have missed during that period as many as three consecutive issues unless caused by fire, flood, strike or natural disaster, must have maintained a general paid circulation in the parish in which the body is located for five years, and shall have been entered in a U.S. post office in that parish under a second class mailing permit in that parish for a period *1201 of five consecutive years prior to the selection.
“The provisions of this section relating to the five-year requirement shall not contravene any contract existing between any governing body and a newspaper on and prior to May 11, 1970; nor shall the five-year requirement herein be applied in assessing the qualifications of a newspaper which was in existence on May 11, 1970.”
Plaintiffs’ contention that the exemption from the five year requirements cannot be applied to this case is twofold: 1) that the exemption only applies to a newspaper which, met the requirements of the definition of newspaper under the 1950 amendment, and 2) that the exemption should only be applied for a period of five years from May 11, 1970.
We cannot agree with either contention. The 1970 amendment plainly provides for two conditions for exemption. One is an existing contract between any governing body and a newspaper and the other is a newspaper which was in existence on May 11,1970. Where the wording of a statute is plain and unambiguous, we may not seek to place some other interpretation of the application of the law under the theory of what the legislature may have intended. A reference to Act 111 shows nothing that would intend to limit the length of time during which the exemption may apply. The Act also reenacted Section 201 providing that all laws or parts of law in conflict therewith were repealed. There is nothing therein which indicates an intention to carry over the definition of newspaper in the prior law. To the contrary the 1970 act also changed some of the requirements other than simply time.
Accordingly, we are of the opinion that the appointment by the Sheriff of the River Parishes Guide is proper and within the provisions of L.R.S. 43:201. Conversely, we cannot declare its nonqualification as sought by petitioners in their petition. We thus affirm the trial judge’s dismissal of plaintiffs’ petition at their costs.
AFFIRMED.