Dear Mr. Austin:
You requested an opinion of this office regarding the provisions of LSA-R.S. 47:820.1 et seq., pertaining to the Transportation Infrastructure Model for Economic Development (the "TIME" program). In particular, you requested answers to the following issues:
 (1) Does the cessation of the TIME legislation as provided for in LSA-R.S. 47:820.4 negate the repayment provisions of LSA-R.S. 47:820.2(C)?
 (2) Does the projection of the lack of a residual in the TIME account negate the repayment provisions of LSA-R.S. 47:820.2(C)?
 (3) Is DOTD responsible for planning the repayment of interfund borrowing made under the provisions of LSA-R.S. 47:820.2(C)?
LSA-R.S. 47:820.2(C) provides in pertinent part as follows:
 Monies in the Transportation Infrastructure Model for Economic Development Account not needed for the payment of principal, interest, or premium, if any, or other charges related to the issuance of bonds by the State Bond Commission may be appropriated and used for purposes not inconsistent with the Transportation Trust Fund. Any such appropriations must be made before January 1, 1994. The total of any such appropriations made shall not exceed one hundred sixty million dollars in the aggregate. All such appropriations made for Transportation Trust Fund projects and purposes other than those provided for in Subsection B of this Section shall be considered interfund borrowing and shall be returned to the credit of the account no later than June 30, 2010.
It is uncontroverted that $160 million was transferred from the TIME Account to the Transportation Trust Fund for use on projects not listed in LSA-R.S. 47:820.2(B).
LSA-R.S. 47:820.4 provides that:
 This Part shall cease to be in effect fifteen years from the date of the imposition of the tax described herein or at such time as all outstanding bonds or other indebtedness issued for the projects enumerated in this Part and payable from the proceeds of the tax levied by this Part have been paid in full as to principal and interest, whichever is sooner.
LSA-R.S. 47:820.1 provides in pertinent part as follows:
§ 820.1 Imposition of tax
 A. There is hereby levied a tax of four cents per gallon on all gasoline and motor fuels as presently taxed by the provisions of Part I of this Chapter and on special fuels as presently taxed by the provisions of Part V of this Chapter.
The effective date of this provision is January 1, 1990. Therefore, under LSA-R.S. 47:820.4, this Part, "Transportation Infrastructure Model for Economic Development", shall cease to be effective from the sooner of fifteen years from the January 1, 1990 date on which the tax was imposed, or January 1, 2005 or the payment of all principal and interest due on outstanding bonds secured by the tax levied pursuant to LSA-R.S. 47:820.1, which is currently scheduled to occur or November 15, 2004.
However, LSA-R.S. 47:820.2(C) provides that repayment of interfund borrowing need not be made until June 30, 2010, over five years after the TIME account will cease to exist by operation of LSA-R.S. 47:820.4. Clearly on their face, these statutes would seem to require the repayment of borrowed funds in the year 2010 to an account that will no longer exist at that time.
It is well established under the law of this state that, when considering the interpretation of a statute, a particular law will be applied by the courts as written when it is clear and unambiguous and such application does not lead to absurd consequences; in such cases, no further interpretation may be made in search of legislative intent. La. Civ. Code art. 9; Cahn v. Cahn, 468 So.2d 1176 (La. 1985); Scott v. Clark,583 So.2d 938 (La.App. 1st Cir. 1991); Rusher v. Winningham Nissan Volvo, Inc., 550 So.2d 784 (La.App. 2d Cir. 1989); Yoes v. Wilson, 432 So.2d 1198 (La.App. 5th Cir. 1983). However, if in drafting a statute, the legislature erred in expressing its intention, it is not the function of the judicial branch to correct such an error; rather, it should be corrected by the legislature. Rada v. Administrator, Division of Employment Security, 319 So.2d 460 (La.App. 4th Cir. 1975).
Therefore, it is the opinion of this office that the legislature should consider enacting legislation which would allow its purposes and intentions in originally enacting LSA-R.S. 47:820.1 et seq. to be fulfilled. This would probably best be achieved by amending LSA-R.S. 47:820.4 to extend the effectiveness of the Part an additional five years and five months, to June 30, 2010, so that the duration of the TIME account's existence and the deadline for repayment of interfund borrowing coincide.
Regarding whether the projection of the lack of a residual in the TIME Account negates the repayment provisions in LSA-R.S.47:820.2(C), it appears that this question is based upon the premise that the TIME account must repay borrowed funds back into the Transportation Trust Fund. This is inaccurate; rather, the Transportation Trust Fund repays the TIME account; therefore, the repayment provisions of the Part are not affected.
As to the third issue, concerning planning the repayment of the interfund borrowing, it would appear that the conclusion drawn in your opinion request is essentially correct. Since the Department of Transportation and Development borrowed the funds, the responsibility for planning the repayment of these funds should rest with the Department. However, the provisions of LSA-R.S. 48:76 should also be taken into account. This section states that the DOTD budget is part of the executive budget and is subject to the review and recommendations of the legislative budget committee, the commissioner of administration and, of course, the legislature. Thus, since funds required to repay the interfund borrowing will necessarily be a part of the annual budget of DOTD, the plan of repayment adopted by DOTD should be coordinated with the Division of Administration.
In conclusion, it is the opinion of this office that legislative action is appropriate to avoid obvious problems of application of the provisions of LSA-R.S. 47:820.1 et seq. which are sure to present themselves within the next twelve years. However, no provision of this Part at present necessarily negates the interfund repayment required under R.S. 47:820.2.
Trusting this adequately responds to your request, I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: MARTHA S. HESS Assistant Attorney General
RPI/MSH/jav/2887
cc: Gen. Jude Patin Whit Kling Gary Hall Gerald Ray