|, GAUDIN, Judge.
Roderick Storks appeals the dismissal of his worker’s compensation suit because of wilful misrepresentation of his physical and medical background. Appellee is Manpower Temporary Services. We affirm.
Storks hurt his low back in June, 1992 while employed by Coastal Ventures, Inc. He found new employment with Manpower and allegedly injured his low back again on September 4, 1992. At the time of the second incident, Storks was still receiving compensation benefits from the first (Coastal Ventures) accident. When he applied for the Manpower job, Storks not only stated that he had no physical or health problem, he failed to name Coastal Ventures as a former employer.[1]
After the second occurrence, Storks gave two recorded statements to a claims adjuster for Manpower’s insurance company. He denied having any prior low back injuries and he denied that he had ever worked for Coastal Ventures. Because of these misrepresentations, Manpower ceased its compensation payments. Storks filed suit.
^Manpower responded with a motion to dismiss pursuant to LSA-R.S. 23:1208 and 1208.1, which read:

1208

“A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
“B. It shall be unlawful for any person, whether present or absent, directly or indirectly, to aid and abet an employer or claimant, or directly or indirectly, counsel an employer of claimant to willfully make a false statement or representation.
“C. (1) Whoever violates any provision of this Section, when the benefits claimed or payments obtained have a value of ten thousand dollars or more, shall be imprisoned, with or without hard labor, for not more than ten years, or fined not more than ten thousand dollars, or both.
“(2) Whoever violates any provision of this Section, when the benefits claimed or pay- *1193 merits obtained have a value of two thousand five hundred dollars or more, but less than a value of ten thousand dollars shall be imprisoned, with or without hard labor, for not more than five years, or fined not more than five thousand dollars, or both.
“(3) Whoever violates any provision of this Section, when the benefits claimed or payments obtained have a value of less than two thousand five hundred dollars, shall be imprisoned for not more than six months or fined not more than five hundred dollars, or both.
“D. In addition to the criminal penalties provided for in Subsection C of this Section, any person violating the provisions of this Section may be |8assessed civil penalties by the director of not less than five hundred dollars nor more than five thousand dollars.
“E. Any employee violating this Section shall, upon determination by by hearing officer, forfeit any right to compensation benefits under this Chapter.”
(Underlining provided.)’

1208.1

“Nothing in this Title shall prohibit an employer from inquiring about previous injures, disabilities, or other medical conditions and the employee shall answer truthfully; failure to answer truthfully shall result in the employee’s forfeiture of benefits under this Chapter, provided said failure to answer directly relates to the medical condition for which a claim for benefits is made or affects the employer’s ability to receive reimbursement from the second injury fund. This Section shall not be enforceable unless the written form on which the inquiries about previous medical conditions are made contains a notice advising the employee that his failure to answer truthfully may result in his forfeiture of worker’s compensation benefits under R.S. 23:1208.1. Such notice shall be prominently displayed in bold faced block lettering of no less than ten point type.”
(Underlining provided.)
The second section of 1208.1, requiring notice to the employee in ten point type, is not at issue in this appeal.
In granting the motion to dismiss, the trial judge said:
“... it’s obvious to me that the claimant in this matter did give evidence that were not the facts and he did not stick to the truth in all of his dealings. And I think because he didn’t do that I feel the defendants were prejudiced, |4and I’m going to grant the motion to dismiss this with prejudice.”
On appeal, Storks argues (1) that Manpower and its insurer were not prejudiced by the admitted misrepresentations and (2) that by the time of his second accident (on September 4, 1992), he had fully recovered from the earlier injury even though he was still accepting payments because of the first accident.
Appellant contends that Section 1208 is penal and should be enforced only when an employer suffers clear and irreparable prejudice. In his formal judgment, the trial judge cited only Section 1208, not Section 1208.1.
Manpower, on the other hand, says that the wording in Section 1208 is unambiguous, that a showing of prejudice is not required and that the obvious intent of the legislature was to deny benefits to those making intentional and fraudulent statements.
Louisiana courts have refused in the past to deal in hypertechnical constructions of a statute when the plain words of the statute lend themselves to a reasonable interpretation that will carry out legislative intent. See Backhus v. Transit Cas. Co., 549 So.2d 283 (La.1989); also, Guste ex rel. Courville v. Burns, 427 So.2d 1178 (La.1983).
Here, the wording of R.S. 23:1208 and 1208.1, which does not include a showing of prejudice to the employer before benefits can be terminated, leads us to presume that the legislature could have inserted such a clause had it wished to do so. Accordingly, we hold that the wording is cogent and incontrovertible and that a showing of prejudice to the employer is not required before penal provisions of R.S. 23:1208 and 1208.1, particularly 1208, can be invoked.
|5In Yoes v. Wilson, 432 So.2d 1198 (La.App. 5 Cir.1983), this Court stated that where the wording of a statute is plain and unambiguous, courts cannot place other in *1194 terpretations of application of the law under theory of what the legislature may have intended.
Even if a showing of prejudice was necessary, as appellant maintains, it appears that Manpower was harmed by Storks’ blatant falsifications on the job application form and by his outright misrepresentations to the adjuster following the September 4, 1992 incident.
The trial judge properly dismissed appellant’s claims. Storks is to bear costs of this appeal.
AFFIRMED.

. Although not relevant, Storks also misrepresented his criminal background. He advised Manpower that he had no previous convictions when in fact he had burglary and theft convictions.