ON MOTION TO DISMISS
Before REDMANN, LEMMON and STOULIG, JJ.
REDMANN, Judge.
On motion to dismiss this devolutive appeal on the ground that the appeal bond was filed far beyond the ten-day period of LSA-C.C.P. art. 5002, as amended by Acts 1970, No. 107, plaintiff-appellant argues first that the order of appeal’s wording extended the time for filing until the return day, and alternatively that the 1970 change to ten days from 90 (see Martin v. Martin, La.App.1969, 228 So.2d 355) violates La.Const. art. 1, § 6.
Even if the trial court’s order intended to extend the time for filing the bond (which does not appear to be the case), it could not do so. The Legislature fixes times for appealing from judgments and furnishing the security, and by C.C.P. art. 2088 has provided that the jurisdiction of the court of appeal attaches only on timely filing of the appeal bond (where one is required). Since C.C.P. art. 5002 now provides the appeal bond “must be filed” within the ten-day delay allowed for a devolutive appeal, our jurisdiction does not attach unless the bond is timely filed, i. e., within the ten-day period.
Plaintiff-appellant also argues that art. 5002 now conflicts with Const, art. 1, § 6:
“All courts shall be open, and every person for injury done him in his rights, lands, goods, person or reputation shall have adequate remedy by due process of law and justice administered without denial, partiality or unreasonable delay.”
Plaintiff’s argument is that ten days is too short a period for the litigant whose limited finances might not entitle him to proceed in forma pauperis yet require a longer period to obtain the bond.
*336 We see the ten-day period as a reasonable amount of time for filing a bond. We recognize that an extremely short period (e. g., one hour) could be construed as closing the court of appeal to a litigant and denying him remedy for injury. But we believe ten days is not so unreasonably short a period as to be so construed.
We do note the anomaly that this identical case could have been filed in the district court, and there an appellant would have had 90 days to take a devolutive appeal and furnish the bond, C.C.P. art. 2087 (and 15 even for a suspensive one, art. 2123). But plaintiff elected the limited-jurisdiction court, and we believe he has no right to complain that some aspects of the court he elected are not as advantageous as those of the court he did not elect.
We conclude the appeal must be and it is dismissed.
Appeal dismissed.