BOUTALL, Judge.
This case involves an appeal from a judgment rendered by the First Parish Court for Jefferson Parish. The procedure for perfecting such an appeal is set out in CCP article 5002, by reference from LSA-R.S. 13:2561.10. In CCP article 5002 it is provided that the appellant has ten days in which to apply for an appeal. The ten days commences to run from the expiration of the delays provided for applying for a new trial or within ten days of the denial of a new trial. It is further provided that the appeal bond must be filed within the same periods.
The facts of this case show that a new trial was denied on November 26, 1974 and an application for appeal was submitted and signed on November 27, 1974, well within the delays. The appeal bond was not filed until January 10, 1975, far beyond the applicable periods set out in CCP article 5002.
The appellant in this case makes the very same argument made in the case of Ball v. Serpas, 248 So.2d 335 (La.App. 4th Cir. 1971) and that is that the Louisiana Constitution protects litigants from having the courts denied to them. Basically, the appellant’s argument is that the ten day period for filing an appeal bond is too short a time and effectively denies him a forum.
We reaffirm the holding in Ball v. Serpas, supra, that the ten day period in a reasonable length of time and does not violate the Constitution and that a bond untimely filed does not confer jurisdiction on this court. For that reason we dismiss this appeal on our own motion.

Appeal dismissed.