LEAR, Judge.
Plaintiff-appellee, R. P. Yadav, obtained judgment against defendant-appellant, Vera Procell, in the sum of $1,521.89. From this adverse judgment, defendant-appellant filed a motion for suspensive appeal. The Baton Rouge City Court judge fixed the bond at $2,500.00. Judgment was signed on October 10, 1980, and a “Motion for an Appeal” was signed on October 15, 1980, designating December 15, 1980, as the return date. In his motion, defendant-appellant sought and was granted a suspensive appeal. Appellant was required to post bond timely.[1] The record reflects that the bond was not filed until January 15, 1981, more than thirty (30) days after the motion for appeal was granted. The bond comes too late. Appellant has not met the requirements of law and, therefore, his sus-pensive appeal must be and is dismissed at appellant’s cost. However, his devolutive appeal is maintained.
SUSPENSIVE APPEAL DISMISSED; DEVOLUTIVE APPEAL MAINTAINED.

. Art. 2123. Delay for taking suspensive appeal
Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within thirty days of:
(1)The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914. (Emphasis ours.)