413 So.2d 1370 (1982)
Darryl GISSEL
v.
Manny SEHDEVA.
No. 82 CA 0037.
Court of Appeal of Louisiana, First Circuit.
May 4, 1982.
S. David Holladay, Baton Rouge, for appellee.
John G. Morgan, Baton Rouge, for appellant.
Before LEAR, CARTER and CHIASSON, JJ.
LEAR, Judge.
On September 25, 1981, after a trial on the merits, judgment was rendered in favor of plaintiff-appellee. On that same date a motion for a new trial was filed by defendant-appellant. On September 28, 1981, a formal judgment was signed by the trial court. Defendant filed a motion for devolutive appeal on October 2, 1981, which motion was denied by the trial judge, due to the fact that defendant's motion for a new trial was then pending. Defendant's motion for a new trial was denied on November 16, 1981, and the motion for a devolutive appeal, previously filed on October 2, 1981, was granted on this date. The notice was mailed to all parties. On November 23, 1981, the city court received a letter from defendant's attorney, dated November 18, 1981, which indicated defendant's desire to change his appeal from devolutive to suspensive. This letter was treated as a motion for suspensive appeal and was submitted to the trial judge.
Defendant's timely motion for a new trial was denied on November 16, 1981. He therefore had until November 30, 1981, to perfect his suspensive appeal.
Under our jurisprudence harsh rules of pleading are not favored. La.C.C.P. art. 854; Innovative Data Systems of Louisiana v. Ellender, 316 So.2d 12 (La.App. 1st Cir. 1975). And, every pleading is to be liberally construed and we must look to the substance of the pleading in order to do substantial justice to the parties. La.C.C.P. *1371 art. 865; Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La.1980).
The city court treated defendant's letter, dated November 18, 1981, and received by them on November 23, 1981, as a motion for suspensive appeal. Under our jurisprudence liberally construing pleadings, and especially considering the informality of city court procedure, we find that defendant's letter (motion) for a suspensive appeal was timely filed.
The Code of Civil Procedure articles dealing with courts of limited jurisdiction were amended by Act 46 of 1979. Prior to this act, La.C.C.P. art. 5002 specifically provided that the appeal bond must be filed within the delay allowed for taking an appeal in city court. This delay was ten days. However, this provision was eliminated in the new articles, and La.C.C.P. art. 5003, which now sets forth the delay for taking an appeal from a city court judgment, contains no reference to the time allowed for the filing of the appeal bond.
Historically, both in city and district courts, the delay for filing a suspensive appeal bond has always been the same as the delay for taking a suspensive appeal. In fact, as noted above, former Article 5002 did not provide a specific number of days in which a suspensive appeal bond was required to be filed, but rather merely referred to the delay for taking the suspensive appeal and required that the bond be filed within that delay. While there is no specific provision setting forth the delay for filing a bond in connection with a suspensive appeal from a city court judgment, we find that Act 46 of 1979 was not intended by the legislature to change the historical requirement for filing a suspensive appeal bond within the delay allowed for taking the suspensive appeal. We, therefore, hold that, in order to perfect a suspensive appeal from a judgment of a city court, a suspensive appeal bond must be filed within the appropriate ten day delay for taking an appeal as provided by La.C.C.P. art. 5003.
We are not unmindful of our decision in Yadav v. Procell, 405 So.2d 1374 (La.App. 1st Cir. 1981). A footnote in that decision does refer to La.C.C.P. art. 2123, which allows thirty days for furnishing security for a suspensive appeal in district court. However, because appellant in Yadav did not file his bond even within the thirty day delay allowed in district court, a determination as to the appropriate delay for filing a suspensive appeal bond from a city court judgment was unnecessary to our decision in Yadav. Since the issue presently before us was not, in fact, decided in Yadav, we find Yadav not to be controlling in this instant case.
Defendant presented a check to the clerk of court to be used as an appeal bond on December 14, 1981. Since the delay for filing his suspensive appeal bond expired on November 30, 1981, defendant failed to perfect his suspensive appeal timely, and his appeal must therefore be dismissed as suspensive. However, because defendant had previously been granted a devolutive appeal, and because appeals are favored in the law, his devolutive appeal is maintained.
SUSPENSIVE APPEAL DISMISSED: DEVOLUTIVE APPEAL MAINTAINED.