CARTER, Judge.
This matter comes before the Court on a rule to show cause why this appeal should not be dismissed as untimely filed.
Poynter, Mannear & Speer, a law partnership, filed suit in city court to recover a fee for services rendered on behalf of Faye C. Suggs. Judgment was rendered in open *117 court at the conclusion of trial in favor of plaintiff on September 28, 1982, and was signed on October 8, 1982. Defendants filed a motion for a suspensive appeal on October 21, 1982.[1] Plaintiffs subsequently filed a motion to dismiss the appeal on the ground that the motion for appeal had not been timely filed and we issued a rule to show cause why this appeal should not be dismissed.
La.Code Civ.P. art. 5003 provides that, when no application for a new trial has been filed, an appeal from a judgment rendered by a city court may be taken only within ten days from the date of the judgment or from the service of notice of judgment, when such notice is necessary. La. Code Civ.P. art. 1913 provides that notice of judgment is necessary when;
(1) a default judgment is taken against a defendant on whom citation was not served personally and who filed no exceptions or answer;
(2) when a case has been taken under advisement by the court after trial; or,
(3) when the court does not sign a judgment at the conclusion of a trial and a party makes a request of record for notice of the date judgment was signed.
In the instant case, no application for a new trial was filed. Appellant had ten days from the date of judgment to file a motion for appeal unless notice of judgment was necessary, in which case, appellants would have ten days from the service of notice of judgment.[2] Notice of judgment was not required because both defendants filed answers, Alison Suggs in proper person and Faye Suggs through a curator; the case was not taken under advisement; and, the court rendered judgment in open court at the conclusion of trial. Though the judgment was not signed the day of trial, neither defendant requested a notice of the date judgment was signed.
Judgment was rendered in open court on September 28, 1982, and signed on October 8, 1982. Therefore, whether defendants filed their motion for suspensive appeal on October 19 or October 21st is immaterial since the delays for taking this appeal expired on October 18, 1982. Cf. Gissel v. Sehdeva, 413 So.2d 1370 (La.App. 1st Cir.1982). Cf. also, LSA-C.C.P. arts. 5003 and 5059. Additionally, the record does not reflect that a bond for either a suspensive or devolutive appeal has been filed. Not only the motion for appeal, but the appropriate bond must be filed within the time frame of LSA-C.C.P. art. 5003. Cf. Gissel v. Sehdeva, supra.
Therefore, this Court does not have the jurisdiction to hear this appeal. Irvin v. Grower, 417 So.2d 507 (La.App. 1st Cir.1982). The appeal is dismissed at appellants’ costs.
APPEAL DISMISSED.

. The record before us is somewhat confusing in that what appears to be a motion for appeal on a City Court form is dated October 19, 1982, but the date of filing clearly appears as October 21, 1982.

. Defendants did not appear at trial. On the original trial date of September 13, 1982, Charles R. Albright, II, curator for Faye Suggs appeared and testified concerning his efforts to locate Ms. Suggs and knowledge of defects. He then filed a letter waiving his appearance at the trial on September 28,1982. On the date of the trial, apparently Faye Suggs was in the courtroom but left prior to the beginning of the trial.