ALFORD, Judge.
This show cause was issued pursuant to a motion by appellee, Alex A. St. Amant, to dismiss this unlodged suspensive appeal on the basis that the appeal bond was not filed timely. This appeal is from a city court judgment. Pertinent dates herein are as follows:
1) May 27,1982 Trial.
2) April 18,1988 Judgment signed. Notice of judgment mailed.
3) April 27,1983 Motion for appeal filed.
4) April 29,1983 Appeal bond filed.
5) May 2,1983 Order of appeal signed.
Appeals from judgments of city courts are governed by LSA C.C.P. art. 5003, which provides:
“A. An appeal from a judgment rendered by a justice of the peace court, a city court or a parish court may be taken only within ten days from the date of the judgment or from the service of notice of judgment, when such notice is necessary. B. Where an application for new trial is timely filed, however, the delay for appeal commences on the day after the motion is denied, or from service of notice of the order denying a new trial, when such notice is necessary.”
The appeal bond, as well as the motion for appeal, must be filed within the ten (10) day period in order to perfect a suspensive appeal. Gissel v. Sehdeva, 413 So.2d 1370 (La.App. 1st Cir.1982).
In this ease, notice of judgment was required in that the matter was taken under advisement. LSA C.C.P. art. 4917. Since no application for a new trial was filed, the delay for appealing the judgment began to run from service of notice of judgment. LSA C.C.P. art. 5003. As noted in Haywood v. Salter, 421 So.2d 1190 at 1193 (La.App. 2nd Cir.1982),
“Although the term ‘service’ of notice of judgment is used in Article 5003, when that article is read in conjunction with Articles 4917 and 4919 it is obvious that the ten-day appeal delay commences the day after ‘mailing’ of notice of judgment where mailing is authorized by Article 4917.”
LSA C.C.P. art. 4917 authorizes the mailing of notice of judgment where the party entitled to such notice has, as in this case, counsel of record. Therefore, appellant’s appeal delays began to run on April 19, 1983, and the filing of the suspensive appeal bond on April 29, 1983, was not within the ten day delay period provided in LSA C.C.P. art. 5003. For this reason, we .must dismiss appellant’s suspensive appeal.
*661 Appeal bonds are not, however, required for devolutive appeals. LSA C.C.P. art. 2124. Since appellant’s motion for appeal was timely, the appeal will be maintained as devolutive. Southern Mosaic Tile, Inc. v. Alessi, 402 So.2d 225 (La.App. 1st Cir.1981).
Therefore, for the foregoing reasons, ap-pellee’s motion to dismiss the suspensive appeal is granted at appellant’s costs, but the matter is maintained as a devolutive appeal. Appellant is entitled to the return of the security furnished.
•MOTION TO DISMISS SUSPENSIVE APPEAL GRANTED.
DEVOLUTIVE APPEAL MAINTAINED.