COLE, Judge.
The issue in this case is whether or not plaintiffs attorney is entitled to attorney fees under La.R.S. 9:2781.[1] There is no dispute as to the facts. Defendant Mike Treece purchased certain carpet from plaintiff. The carpet was installed in Mr. Treece’s home on June 27, 1982, and he was presented with an invoice for $614.98. The invoice stated the terms were “cash.” Two days later, on June 29, 1982, Mr. *656 Treece wrote a check to All Star for this amount. All Star attempted to collect the check but it was returned to them marked “Account closed” and “Do not redeposit.” On August 5, 1982, the attorney for All Star wrote a letter to Mr. Treece, demanding payment of the $614.98 owed for the carpet. No payment was made so All Star filed suit on September 30, 1982. The suit was entitled “Petition on Open Account” and prayed for attorney fees under La.R.S. 9:2781.
At trial, defendant’s attorney stipulated the principal sum of $614.98 was due plaintiff. Left unresolved was whether or not plaintiffs attorney was entitled to attorney fees. The trial court ruled an open account had been established and awarded attorney fees of 25 per cent. Defendant applied for a new trial, a hearing was held on the matter and the new trial denied. Defendant then appealed.
The threshold question to be answered is whether or not the “arrangement” between the parties was in fact an “open account.”
Appellant argues, and we agree, that a single-transaction occurrence, such as we have here, does not constitute an “open account.” Appellee, on the other hand, insists that any time credit is extended, whether it is for a day or a year, an open account is created. The recent jurisprudence refutes this argument and appel-lee has cited no cases supporting his position.
In O.J. Rivero Towing Co. v. Coastal Flex Co., 414 So.2d 1384 (La.App. 4th Cir.1982), the plaintiff sued the defendant for damages caused by certain defective equipment sold to plaintiff by defendant. Defendant reconvened for cost of materials ordered but not paid for by plaintiff. The court found the seller (defendant) was enti-tied to be paid for the materials supplied but was not entitled to attorney fees because the transaction was not one on an “open account.” The court stated at page 1388:
“The work involved was for a single job and the record contains no evidence of other business transactions between plaintiff and defendant, or any expectation of future dealings. Under these circumstances we cannot find that this action is on an open account entitling plaintiff to attorney’s fees.” (Citations omitted.)
In Womack Bros. v. Equipment Rental Services, 399 So.2d 661 (La.App. 1st Cir.1981), plaintiff filed suit seeking payment for ■ repairs it had made on defendant’s equipment. Attorney fees were sought. This court reversed the trial court’s award of attorney fees, finding there was no “open account” under La.R.S. 9:2781. The court, remarked (page 664):
“The repair work on the pump was a single job, for which defendant tendered payment immediately (although later revoking it). The record contains no evidence of other business transactions between the parties, a line of credit extended to defendant, or any expectation of future dealings. In fact, the invoice for the repair work on the pump, which plaintiff introduced in evidence, specifically refers to the agreement as a ‘cash’ transaction. Under these circumstances, we cannot find that this action is one on open account, entitling plaintiff to attorney fees.” (Citations omitted.)
Several other cases support appellant’s contention that a single transaction does not amount to an open account. See, e.g., Seaboard Allied Milling Corp. v. Benitez, 408 So.2d 325 (La.App. 3d Cir.1981).[2]
*657 Plaintiff further contends defendant is required to pay attorney fees because the invoice delivered to defendant stated "... should it become necessary that this invoice be turned over to an attorney for collection, an additional 1% interest will be charged per month on past due accounts plus attorney fees and lien costs.”
We note, however, the defendant did not sign the invoice, although there was a space for him to do so>. Without his signature the provision is merely unilateral. The defendant cannot be bound simply because the statement concerning the attorney fees is printed on the invoice.
For these reasons, we amend the judgment of the trial court so as to delete the provision granting attorney fees. In all other respects the judgment is affirmed. Costs of this appeal are to be paid by appellee.
AMENDED, AND AS AMENDED, AFFIRMED.

. The statute reads in pertinent part as follows:
“A. When any person fails to pay an open account within thirty days after receipt of written demand therefor correctly setting forth the amount owed and a copy of the invoices in support thereof, that person shall be liable for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Evidence of receipt of written demand by the spouse of the debtor, when they are living together as husband and wife, on behalf of the debtor may be introduced as evidence of written demand on the debtor.”

. Sub-part "C" of La.R.S. 9:2781 has now been amended by Act 311 of 1983 to provide an "open account” includes single transaction accounts. Had this legislation been in effect at the time of the occurrence under consideration, plaintiff would be entitled to the attorney fee awarded.