454 So.2d 177 (1984)
COMMERCIAL CREDIT CLAIMS SERVICES, INC.
v.
Herman RICHARDSON.
No. 83CA0904.
Court of Appeal of Louisiana, First Circuit.
June 26, 1984.
Rehearing Denied August 24, 1984.
*178 Gordon Hackman, Boutte, for plaintiff-first appellant.
A.D. O'Neal, Jr., Houma, for defendant-second appellant.
Before COVINGTON, COLE and SAVOIE, JJ.
COLE, Judge.
The dispositive issue before us is whether or not the amendment to La.R.S. 9:2781 which states a single transaction creates an "open account" (and therefore allows the imposition of attorney fees) is to be applied retroactively.
This litigation arose from the following facts. Plaintiff, Commercial Credit Claims Services, Inc., performed a damage appraisal on a vehicle for defendant, Herman Richardson, for a fee of $330.60. When Richardson failed to pay the fee Commercial Credit filed suit, seeking the amount owed and attorney fees of $500.00. After hearing the evidence the court rendered judgment in favor of Commercial Credit for $330.60 plus interest from judicial demand and attorney fees of 25 per cent of the principal and interest. Plaintiff filed a motion for a new trial on the issue of attorney fees alone, alleging a fee of $82.50 was insufficient. Judgment on a new trial was rendered and its content was identical to the first judgment. Plaintiff filed a devolutive appeal, as to the amount of attorney fees only. Defendant filed a suspensive appeal.[1]
*179 Appellant Commercial Credit argues on appeal the court erred in awarding attorney fees of only 25 per cent of the principal and interest. Appellant Richardson argues the court erred in awarding any attorney fees whatsoever because such fees are not allowed under La.R.S. 9:2781 unless there is an "open account," i.e., an account based on several transactions.
The applicable statute, La.R.S. 9:2781, provides a person who fails to pay an open account "... shall be liable for reasonable attorney fees for the prosecution and collection of such claim ...." Prior to its amendment in 1983 the statute did not address the single transaction situation. The jurisprudence held consistently a single business transaction, with no expectation of future dealings, did not create an open account and therefore in such cases no attorney fees were allowed. All Star Floor Covering, Inc. v. Treece, 442 So.2d 655 (La.App. 1st Cir.1983); O.J. Rivero Towing Co. v. Coastal Flex Co., 414 So.2d 1384 (La.App. 4th Cir.1982).
Subsection "C" of the statute was amended, effective August 30, 1983 and reads as follows:
"For the purposes of this Section and Code of Civil Procedure Articles 1702 and 4916, `open account' includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. `Open account' shall include debts incurred for professional services, including, but not limited to, legal and medical services." (Emphasis added.)
There is no question the amendment to this article overrules the holdings of the cases cited above. A single transaction, such as the one in the present case, now falls within the definition of an "open account" and attorney fees are appropriate in such cases.
The service rendered in this case was performed in August of 1981. Suit was filed in December of 1982. Judgment was rendered initially on March 3, 1983 and again (as a result of the new trial) on May 12, 1983. Therefore, at the time the cause of action arose, as well as at the time the matter was decided by the trial court, attorney fees were not allowed in single transaction situations. The law was changed to allow attorney fees in such situations while the matter was pending on appeal.
La.Civ.Code art. 8 sets forth the general rule: "A law can prescribe only for the future; it can have no retrospective operation, nor can it impair the obligation of contract." Likewise, La.R.S. 1:2 states: "No Section of the Revised Statutes is retroactive unless it is expressly so stated." However, it has been held consistently by the courts this general rule of prospective effect is applicable only to substantive laws, as opposed to procedural or remedial laws. Lott v. Haley, 370 So.2d 521 (La. 1979), rehearing denied 1979. See, Ardoin v. Hartford Acc. & Indem. Co., 360 So.2d 1331 (La.1978), rehearing denied 1978.
The difference between a substantive law and a procedural law is that a procedural law merely prescribes a method of enforcing a previously existing right whereas a substantive law creates a new obligation where none existed before. Guste v. Burris, 417 So.2d 445 (La.App. 1st Cir.1982); reversed on other grounds, 427 So.2d 1178 (La.1983).
We conclude the statutory amendment is indeed a substantive one. Prior to the amendment in August of 1983, the statute did not provide for attorney fees in cases involving a single transaction. The statute spoke only in terms of "open accounts" which the courts held unanimously did not include single business transactions where there was no expectation of future dealings. Therefore, prior to the amendment, *180 the plaintiff had no substantive right to recover attorney fees; conversely, the defendant had no obligation to pay such fees. The amendment to the statute created such a right and such an obligation. Since the statutory amendment is substantive in nature it should not be applied retroactively. Therefore, we agree with appellant Richardson the court erred in awarding attorney fees in this case. Accordingly, we reverse that award. In all other aspects the judgment is affirmed. Costs of this appeal are to be paid by appellant Commercial Credit.
REVERSED IN PART; AFFIRMED IN PART.
NOTES
[1] Plaintiff filed a motion to dismiss, alleging defendant's appeal was not timely. This court considered the matter and in an unpublished opinion determined that the appeal was filed timely, although the security was not. Commercial Credit Claims Services, Inc. v. Herman Richardson, 83 CA0904 (La.App. 1st Cir. Nov. 22, 1983). We concluded defendant's appeal had therefore become a devolutive appeal, citing St. Amant v. Talley, 436 So.2d 659 (La.App. 1st Cir.1983).