510 So.2d 386 (1987)
Timothy F. DUSENBERRY
v.
Gary J. ANDRUS, et al.
No. 87 CM 0277.
Court of Appeal of Louisiana, First Circuit.
May 6, 1987.
Keith M. Whipple, Law Offices of Keith M. Whipple, Houma, for Timothy F. Dusenberry.
*387 Before SAVOIE, CRAIN and JOHN S. COVINGTON, JJ.
SAVOIE, Judge.
Appellee, Timothy F. Dusenberry, moves to dismiss appellant's, Marchelli Huddleston Dusenberry, suspensive appeal on the grounds no appeal bond has been filed.
Judgment was rendered against appellant on December 18, 1986. A motion and order for suspensive appeal was filed by appellant on January 20, 1986. According to the sworn affidavit of Robert Boudreaux, Clerk of Court for the Thirty-Second Judicial District Court, appellant had not posted the required suspensive appeal bond as of February 13, 1986.
Code of Civil Procedure article 2123 states a suspensive appeal may be taken and the required security furnished only within thirty days of the expiration of the delay for applying for a new trial, if no application for a new trial is filed. The delay for applying for a new trial is seven days. Code Civ.P. art. 1974.
In the instant case, judgment was rendered on December 18, 1986. Although appellant obtained a timely order of appeal (on January 20, 1986), she has not filed the necessary appeal bond. Therefore, this court must dismiss appellant's suspensive appeal. Cox v. Southern Colonial Inv., Inc., 393 So.2d 146 (La.App. 1st Cir.1980).
However, the appeal was timely as a devolutive appeal. Code Civ.P. art. 2087. When a suspensive appeal is not timely filed the appellant's appeal is considered as devolutive if the requirements for a devolutive appeal are satisfied. This is notwithstanding the fact that the motion and order of appeal failed to mention a devolutive appeal. Letulle v. S & E Oil Co., 384 So.2d 598 (La.App. 3d Cir.1980).
For the above reasons appellant's suspensive appeal is dismissed but said appeal is maintained as a devolutive appeal.
SUSPENSIVE APPEAL DISMISSED, DEVOLUTIVE APPEAL MAINTAINED.