GOTHARD, Judge.
Plaintiff, Joan Claire Brown, appeals a judgment of the trial court which dismissed her appeal for failure to post bond and pay costs.
Plaintiff filed a motion for appeal on June 25, 1992 seeking a suspensive appeal from a trial court judgment rendered on May 15, 1992. In this designated record there is no indication as to the nature of that May 15, 1992 judgment. On June 26, 1992 the trial court granted the motion for appeal, set a return date of August 26, 1992 and set the bond amount at $42,500. On July 22, 1992 costs were estimated at $1,254.50 by the clerk of court.
On September 9, 1992 defendant, Royce M. Brown, filed a motion to dismiss plaintiff’s appeal for failure to post the appeal bond. On October 19, 1992, the date on which the motion to dismiss the appeal was heard, plaintiff posted bond and paid costs. After hearing arguments the trial court dismissed the appeal for failure to post bond timely.
LSA-C.C.P. art. 2123 provides in pertinent part:
A. Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order *452 or judgment may be taken, and the security therefor furnished, only within thirty days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
[Emphasis added]
In the instant case the bond was filed too late to effect a suspensive appeal. However, a devolutive appeal may be maintained. When a suspensive appeal is not timely filed the appellant’s appeal is considered as devolutive if the requirements for a devolu-tive appeal are satisfied. Dusenberry v. Andrus, 510 So.2d 386 (La.App. 1 Cir.1987). Such is the case in the instant matter. See LSA-C.C.P. art. 2087.
LSA-C.C.P. art. 2126 provides in pertinent part as follows:
A. The clerk of the trial court, immediately after the order of appeal has been granted, shall estimate the cost of the preparation of the record on appeal, including the fee of the court reporter for preparing the transcript and the filing fee required by the appellate court. The clerk shall send a notice by certified mail of the estimated costs to the appellant.
B. Within twenty days of the mailing of notice, the appellant shall pay the amount of the estimated costs to the clerk. The trial court may grant one extension of the period for paying the amount of the estimated costs for not more than an additional twenty days upon written notice showing good cause for the extension.
[[Image here]]
E. If the appellant fails to pay the estimated costs, or the difference between the estimated costs and the actual costs, within the time specified, the trial judge, on his own motion or upon motion by the clerk or by any party, and after a hearing, shall:
(1) Enter a formal order of dismissal on the grounds of abandonment; or
(2) Grant a ten day period within which costs must be paid in full, in default of which the appeal is dismissed as abandoned.
[Emphasis added]
The record includes a certification that the notice of appeal bond amount was sent in accordance with LSA-C.C.P. art. 2121 which does not require notice by certified mail. Included on that notice is a statement that all costs must be paid within twenty days and an itemized estimate of costs was also prepared and dated the same day. However, there is no indication on either the notice of appeal or the appeals cost estimate sheet that the clerk complied with the article 2126 requirement of notification by certified mail. Further, the clerk has certified that there is no evidence of receipt of notice of cost in the record.
When, as in the instant case, the reasons for failure to pay costs timely are not imputable to the appellant, dismissal of the appeal is not warranted. See In the Interest of McGuire, 446 So.2d 460 (La.App. 4 Cir.1984). For the foregoing reasons the plaintiff’s suspensive appeal is dismissed and a devolutive appeal is maintained.
SUSPENSIVE APPEAL DISMISSED, DEVOLUTIVE APPEAL MAINTAINED.