PRICE, Judge, Pro Tem.
A writ was granted by this court to review the holding of the Monroe City Court that, in order to perfect a suspensive appeal, the suspensive appeal bond must be filed within ten days of the judgment rendered by it as provided by LSA-C.C.P. art. 5002, and that the delay provided by LSA-C.C.P. art. 2128 is inapplicable to city courts.

Procedural Background

Maria Tucker and Enrique Cueto obtained a money judgment against North American Land Development (NALD) in Monroe City Court on July 12, 1993. The judgment was signed and filed on July 14, 1993. NALD timely moved for a suspensive appeal on the day after the judgment was filed and the trial court signed the order of appeal on July 26, 1993. However, NALD did not post the appeal bond until August 16, 1993. On August 23, 1993, Tucker and Cueto filed a Rule to Show Cause challenging the suspensive nature of the appeal because the bond was not timely filed within the ten-day delay provided by LSA-C.C.P. art. 5002. NALD contended the bond was timely under the provisions of LSA-C.C.P. art. 2123, which it contends is applicable to city courts as well as district courts.
The Monroe City Court judge ruled that article 5002 controls and that the appeal was not timely perfected as suspensive, and ordered that the appeal be considered as devol-utive. NALD herein seeks review of this judgment, asserting that the applicable delay period is thirty days after expiration of the three day delay for applying for new trial. We granted the writ application, in part, to determine the sole issue of whether the applicable delay period is ten days or thirty days.

J¿Discussion

The instant issue is whether NALD’s sus-pensive appeal was perfected by a timely filing of the appeal bond. Applicant, NALD, contends that the cash appeal bond was timely because the delay for appeals from district court judgments also applies to appeals from city court judgments.
Louisiana Code of Civil Procedure articles 5001(B) and 2123 provide as follows:
*655 Art. 5001. Appeals from city and parish courts
B. Appeal shall be on the record and shall be taken in the same manner as an appeal from the district court.
Art. 2123. Delay for taking suspensive appeal
A. Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within thirty days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely; ...
However, the delay for an appeal from city court is governed by LSA-C.C.P. art. 5002 as follows:
Art. 5002. Delay for appeal
A. An appeal from a judgment rendered by a city court or a parish court may be taken only within ten days from the date of the judgment or from the service of notice of judgment, when such notice is necessary.
B. When an application for new trial is timely filed, however, the delay for appeal commences on the day after the motion is denied, or from service of notice of the order denying a new trial, when such notice is necessary.
By its own terms, the C.C.P. article 2123 thirty day delay applies “except as otherwise provided by law.” The legislature has otherwise provided for a different time period for city courts by the provisions of C.C.P. article 5002, as set forth above.
lain setting this ten day delay period for appeal of a city court judgment, the legislature did not distinguish between devolutive and suspensive appeals. The language of article 5002 is simple and unambiguous. NALD’s appeal of the July 12, 1993 judgment by the Monroe City Court “may be taken only within ten days from the date of the judgment or from the service of notice of judgment, when such notice is necessary.”
In order to timely perfect a suspensive appeal from a city court judgment, the appeal bond as well as the motion for appeal must be filed within the article 5002 ten day period. The Research Group, Inc. v. Sharp, 430 So.2d 165,167 (La.App.2d Cir.1983); Associated Agencies, Inc. v. LaBorde, 315 So.2d 430 (La.App. 4th Cir.1975) (applying former C.C.P. article 5002); Haywood v. Salter, 421 So.2d 1190, 1194 (La.App.2d Cir.1982); Dusenberry v. Andrus, 510 So.2d 386, 387 (La.App. 1st Cir.1987). See also, Gissel v. Sehdeva, 413 So.2d 1370 (La.App. 1st Cir.1982) and Poynter, Mannear & Speer v. Suggs, 431 So.2d 116, 117 (La.App. 1st Cir.1983) (both applying former C.C.P. article 5003). As stated in Gissel, supra,
The Code of Civil Procedure articles dealing with courts of limited jurisdiction were amended by Act 46 of 1979. Prior to this act, La.C.C.P. art. 5002 specifically provided that the appeal bond must be filed within the delay allowed for taking an appeal in city court. This delay was ten days. However, this provision was eliminated in the new articles, and La.C.C.P. art. 5003, which now sets forth the delay for taking an appeal from a city court judgment, contains no reference to the time allowed for the filing of the appeal bond.
Historically, both in city and district courts, the delay for filing a suspensive appeal bond has always been the same as the delay for taking a suspensive appeal. In fact, as noted above, former Article 5002 did not provide a specific number of days in which a suspensive appeal bond was required to be ufiled, but rather merely referred to the delay for taking the suspensive appeal and required that the bond be filed within that delay. While there is no specific provision setting forth the delay for filing a bond in connection with a suspensive appeal from a city court judgment, we find that Act 46 of 1979 was not intended by the legislature to change the historical requirement for filing a sus-pensive appeal bond within the delay allowed for taking the suspensive appeal. We, therefore, hold that, in order to perfect a suspensive appeal from a judgment of a city court, a suspensive appeal bond must be filed within the appropriate ten *656 day delay for taking an appeal as provided by La.C.C.P. art. 5003.
In 1986, the legislature again amended and reenacted the Code of Civil Procedure articles dealing with courts of limited jurisdiction by Acts 1986, No. 156 § 1. The former article 5003, discussed above in Gissel, became the present article 5002. Article 5003 now provides that “the appellate procedure provided by Book III for appeals from the district court shall be applicable” to appeals from city court judgments.
NALD argues that, because the procedure for district court appeals applies pursuant to the present C.C.P. article 5003, the C.C.P. article 2123 thirty day delay for an appeal from a district court judgment also applies. However, prior to the 1986 amendment, C.C.P. article 5004 also provided that the procedure for appeals from district court judgments applies to those from city court judgments. In fact the Gissel court noted the reference to C.C.P. article 2123 as follows:
A footnote in [ Yadav v. Procell, 405 So.2d 1374 (La.App. 1st Cir.1981) ] does refer to La.C.C.P. art. 2123, which allows thirty days for furnishing security for a suspen-sive appeal in district court. However, because appellant in Yadav did not file his bond even within the thirty day delay allowed in district court, a determination as to the appropriate delay for filing a sus-pensive appeal bond from a city court judgment was unnecessary to our decision in Yadav. Since the issue presently before us was not, in fact, decided in Yadav, we find Yadav not to be controlling in this instant case.
I ¡¿Thus, even in 1982, prior to the 1986 amendment, our brethren of the First Circuit determined that the ten day delay, found in the articles which deal with courts of limited jurisdiction, instead of the thirty day delay provided for appeals from district court judgments was applicable to appeals from city courts. Given the pre-amendment existence of the language found in current C.C.P. article 5003, we see that both before and after the legislature amended and reenacted these articles in 1979 and 1986, the delay for appeal from city court judgments has remained ten days.
The present article 5003 is identical to the former article 5004 which was in effect when Gissel, supra, and the other cases cited above, were decided. See LSA-C.C.P. art. 5004, as enacted by Acts 1979, No. 46 § 1. We have found no change in the historical requirement that the suspensive appeal bond for an appeal from a city court judgment must be posted within the ten day delay for appeal. For this reason, we are not persuaded by NALD’s argument that the 1986 amendment changes the law on this issue. We find that a suspensive appeal bond must be posted within this ten day period in order to be perfected, and therefore the trial court was correct in dismissing the suspensive appeal of applicant and allowing it to proceed as a devolutive appeal. Accordingly, the judgment of the Monroe City Court, filed September 3, 1993 dismissing the suspensive appeal of applicant, is affirmed.
AFFIRMED.